## No. 9786.

### THE STATE OF LOUISIANA VS. JOHN WILLIAMS.

1. When an accused person has been tried and a verdict of guilty returned against him, the trial judge is without power or authority to grant a new trial *ex proprio motu.*

2. The trial judge is in no sense the custodian for the accused, and it was not his duty to take care of his welfare.

There would have been ample time for him to consider measures for his relief when applied for by the accused.

APPEAL from the Twentieth District Court, Parish of Assumption. *Beattie,* J.

*E. A. O'Sullivan,* District Attorney, for the State, Appellant.

Defendant unrepresented.

The opinion of the Court was delivered by

WATKINS, J. The accused was indicted, tried by a jury, and found guilty of cutting, stabbing and wounding one James James, with a dangerous weapon, with intent to kill and murder said James, whereupon the trial judge, *ex proprio motu* set the verdict aside, and

State vs. Williams.

granted a new trial, over the objection and exception of the District Attorney.

The trial judge assigns as his reasons for so doing:

1st. That the evidence, in his opinion, did not justify the verdict.

2d. That it would be unlawful for him to sentence the accused for such a felony when he was not guilty of it.

3d. That it had been suggested to him that the accused be brought into court and asked whether he wished a new trial. He says: "Of course, if I had been *forced* to appoint counsel for him, and counsel, knowing my opinion, would have advised him to *make no motion. If I did not appoint counsel, my duty was to see that he* was not led into error, and it would "have become *my duty to advise him not to apply,* as it had already been stated by me that I would grant it *ex proprio motu.*"

The question presented, as well as the proceeding complained of, is a singular one.

We are at a loss to understand why a judge, who believed it to be *his* duty to see that the accused was not *led* into error, did not allow him "to make his full defense by counsel learned in the law," in the first instance.

He should have appointed some member of the bar to represent him. R. S. 992.

Having permitted the accused to go to trial without being represented by counsel, we think it was clearly his duty to have, at least, appointed one to care for his interest after the verdict, he claimed to be unjust, was rendered.

Conceding the correctness of his motives, and the unworthiness of the verdict, we think the trial judge ventured a step beyond the bounds of duty.

The court is in no sense the custodian for the accused, and it was not his duty to see that he was not led into error. While we are not prepared to say, at this time, that, if the new trial were sustained, the verdict first rendered would operate a bar to a second trial, on same information, it might be a serious question.

Const., art. 5, provides: "Prosecutions shall be by indictment, or information; provided that no person shall be held to answer for a capital crime unless on a presentment or indictment by a grand jury. * * . * Nor shall any person be twice put in jeopardy of life or liberty for the same offense, *except on his own application for a new trial,* or where there is a mistrial, or a motion in arrest of judgment is sustained." Const. 1879.

This is a new principle incorporated into the organic law, not exist-ing in any former one, viz: "Nor shall any person be twice put in jeopardy of life or liberty for the same offense, *except on his own appli-cation for a new trial,*" etc.

There had long been serious controversy among jurists and lawyers as to the proper interpretation of "twice in jeopardy;" and doubtless the phrase employed was placed in the Constitution in order to make it an insurmountable barrier to further dispute on that question.

It must be observed, and the trial judge erred in not doing so.

It is, therefore, ordered, adjudged and decreed, that the order grant-ing the new trial *ex proprio motu* be annulled and vacated, and that the cause be remanded to the court *a qua* for further proceedings ac-cording to law, without prejudice to the right of the accused, to make application for a new trial.

Judgment reversed.