MONROE, J.
The relator (the district attorney for the parish of Caddo) applies to this court for a writ of mandamus commanding the judge of the district court to impose sentence upon the defendant in the above-entitled case, upon a conviction for selling intoxicating liquors in said parish without a license, in violation of section 910 of the Revised Statutes.
According to the petition and return, defendant was prosecuted for the offense mentioned, and, after trial, was convicted. Upon his motion, however, a new trial was granted, and thereafter he was convicted a second time, and remanded. A few days later he was called up for sentence, whereupon, to quote from the return of the respondent judge: .
“His attorney objected to sentence being imposed by the court, on the ground that the state had failed to file in evidence the ordinance of the police jury of Caddo parish prohibiting the sale of intoxicating liquors in said parish. When the defendant was tried and convicted, relator did not prove by any witness that defendant had not obtained a license from the city of Shreveport or the parish of Caddo to sell intoxicating liquors; nor did he prove that the parish of Cad-do was prohibition territory, nor did he offer in evidence any ordinance of the police jury to establish such fact; the only proof offered by the state being that defendant sold a half-pint bottle of whisky to a negro, in the place of business of his brother, E. J. Whitbeek, on Texas avenue, Shreveport, Caddo parish, as alleged in the bill of particulars.”
The objection to the imposition of the sentence was sustained, for the reasons thus assigned, and thereupon the district attorney filed a motion for a new trial of the case, on the ground that “the verdict was contrary to the law and the evidence,”, and the new trial was ordered. At the next session of the court, a motion was filed, and granted, setting aside the previous order granting the new trial, which action is explained by the judge as follows:
“Respondent granted the state a new trial, but afterward vacated the order, for the reason that defendant had been convicted, and had not asked for a new trial, himself; he had been placed in jeopardy, and his constitutional right to plead former jeopardy could not be taken from him, except under his own motion. Const. 1898, art. 9. Defendant reserved a bill of exception to the granting of a new trial to the state, in order to preserve his right to urge a plea of former jeopardy, and, obviously, for the same reason, did not apply for a new trial. Tour respondent, of his own motion, had no authority to grant a new trial. Marr’s Cr. Jur. of La. p. 823.”
Upon the setting aside of the order granting the new trial (on the application of the state), the district attorney made, to this court, the application which we are now considering.
The learned respondent says, in his'return:
“The real matter at issue between relator and respondent is that relator contends that it was respondent’s legal duty to take judicial cognizance of the police jury ordinance withholding licenses for retailing intoxicating liquors in Caddo parish, and, for this reason, it was only necessary for the state to prove the sale of whisky by defendant.”
Let it be conceded that the district attorney was in error in expecting a state court to take judicial notice of an ordinance of the police jury, and that the accused was convicted upon insufficient evidence, nevertheless, since the learned respondent judge is of that opinion, it is evident that the remedy is ample, and is within the control of the accused, himself, since he has only to apply for a new trial in order to obtain it. On the other hand, it cannot be expected that the ends of justice should be defeated merely because there has been an improper conviction; and yet that would appear to be the result, if, instead of applying for a new trial, the accused, in this case, should remain silent and the judge, believing the conviction to have been illegal, and also believing himself to be without authority to set it aside, *815 save upon the application of the defendant, declines either to impose sentence or to grant a new trial. Our learned brother also says, in his return:
“If the defendant can secure a pardon, after conviction, and before sentence, then, why is it necessary that he should be sentenced, when the trial judge, the district attorney, and the defendant, all agree that his conviction was illegal ; the verdict being contrary to law and the evidence.”
The answer, as it appears to us, is that the trial judge is not called upon, in the regular discharge of his functions, to anticipate the action of the Pardoning Board or the Governor ; the more particularly as, in this instance, all the remedy that is needed is within his control and that of defendant. Article 9 of the Constitution reads, in part:
“Nor shall any person be twice put in jeopardy of life or liberty for the same offense, except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained.”
In State v. Williams, 38 La. Ann. 961, where the trial judge had, ex proprio motu, set aside a verdict of conviction, on the grounds that the evidence did not, in his opinion, justify it, and that it would be unlawful for him to sentence the accused for such a felony, when he was not guilty of it, this court said:
“While we are not prepared to say, at this time, that, if the new trial were sustained, the verdict first rendered would operate as a bar to a second trial, on same information, it might be a serious question.”
And the provision of article 5 of the Constitution of 1879, similar to that above quoted from the present Constitution, is commented upon, as having been incorporated in that instrument with a view of settling a long-standing dispute upon the question of the proper interpretation of the term “twice in jeopardy”; the conclusion reached being that the judge was without authority to grant the new trial, of his own motion, and that there would have been ample time for him to have considered measures for the relief of the accused when they were applied for by him. In the case cited it appears that the accused had not been represented by counsel, and the court suggested that it was the duty of the judge to appoint counsel to represent him. In the instant case, the accused appears to have been represented by counsel, and was therefore less in need of the aid of the court.
We therefore conclude that the alternative writ of mandamus herein issued should be made peremptory, and that the respondent judge should proceed to impose sentence upon the defendant, J. J. Whitbeck, agreeably to his conviction and according to law, unless said defendant should, within such reasonable delay as may be given, apply for and be granted a new trial. And it is so ordered.
PROVOSTY, J., being absent on account of illness, took no part.