TROTTER *et al. v.* STAGGERS *et al.*

(In Banc.   Dec. 9, 1946.)

[28 So. (2d) 237.   No. 36251.]

John F. Frierson, of Columbus, for appellants.

**W. L. Sims**, of Columbus, for appellee.

**Roberds, J.,** delivered the opinion of the Court.

Appellants and appellees are both partnerships. Hereafter we will refer to appellants as Thompson and appellees as Staggers. Staggers sued Thompson for damages to his truck caused by the alleged negligence of Thompson. The jury returned a verdict for Staggers for $243.79.

Thompson requested, and was refused, a peremptory instruction. He says that was reversible error. This accident happened within and on the south side of Main Street in Columbus, Mississippi. The time was about six to six-thirty o'clock on the morning of February 5, 1945. It was yet dark and rain was falling. Staggers owns and operates a bakery located on a lot adjoining Main Street on the south. His servant backed one of his trucks from his bakery along a private driveway into the south side of Main Street. Thompson was driving his truck eastwardly along Main Street and the two trucks collided in Main Street, after the Staggers truck got into the Street. Staggers claims that as his truck entered the street the Thompson truck was a block and a half west and Thompson ran into his truck because he, Thompson, did not see the Staggers truck, due to the fact it was raining and the Thompson truck had no windshield wiper, or due to general negligence in not seeing the Staggers truck and avoiding the collision. Thompson claims that the collision was due to the negligence of Staggers in backing into the Street when the Thompson truck was approaching and also to insufficient lights on the Staggers truck and the further fact that the Staggers truck blocked the Street and did not allow sufficient space for the Thompson truck to pass. Evidence was introduced by both sides on all of these disputed questions of fact. We

think the jury might have returned a verdict for either party on the question of liability, or it might have apportioned the amount of damage in proportion to the negligence of each. It returned a verdict for the total damage proved by Staggers. However, no contributory negligence instruction was requested by Thompson. Since the evidence was conflicting and would have supported a verdict either way, we think this was peculiarly a case for the jury on the facts, and we cannot disturb its finding.

As one ground for a motion for a new trial Thompson set up newly discovered evidence. The motion was supported by affidavits of Mr. E. P. Varnon and Mr. C. D. Adair. These affidavits disclose that the testimony of these parties, if introduced, would have related to the character of lights on the Staggers truck, the distance of the Thompson truck from the point of collision when the Staggers truck backed into the Street, and to the distance, or space, left by the Staggers truck for passage by the Thompson truck. In other words, such evidence would have been only cumulative, or would have tended to contradict what other witnesses testified, on these questions. ''Newly discovered evidence which is merely cumulative, or which simply tends to impeach one or more witnesses, is not ground for new trial; and evidence of the same kind as that already given, to the same point, is cumulative, and not merely corroborative.'' Redmond v. Marshall, 162 Miss. 359, 137 So. 733, 734; Louisville, N. O. & T. R. Co. v. Crayton, 69 Miss. 152, 12 So. 271.

Thompson, through his able counsel, has raised other questions on this appeal. We have thoroughly examined all of them, but find no reversible error, if error at all, in this record.

**Sydney Smith, C. J.,** did not participate in this decision.