HATTEN *v.* BRAME.

No. 40809            May 19, 1958            103 So. 2d 4

*Snow, Covington & Shows,* Meridian, for appellant.

*Williamson, Smith & Beard,* Meridian, for appellee.

ROBERDS, P. J.

William Brame, the appellee, brought this action to recover from Pete Hatten, the appellant, a money-judgment for personal injuries suffered by Brame when Hatten negligently, as Brame asserts, backed his automobile against Brame, knocking him into and upon a paved street in the City of Meridian, Mississippi. The trial judge instructed the jurors to find that Hatten was negligent, which they did. The extent of the damage was submitted to the jury for its determination. It returned a verdict for $5,000. Hatten appealed to this Court. No question is raised on this appeal as to the amount of the verdict. The main question involved is whether or not the trial judge was justified in granting to Brame a peremptory instruction on liability.

The accident happened at or near the point where the driveway to Hatten's residence intersects the sidewalk of the City. At this point 22nd Avenue runs north and south. It is a paved street. Hatten's residence faces east upon that street. There is a sidewalk between the street and Hatten's lot. Hatten has a concrete driveway which extends west from 22nd Avenue, a distance of seventy-five feet to his garage. This driveway is on the south side of the Hatten lot. The part of the Hatten residence to the north of the driveway is some three or four feet higher than the driveway itself. On the south side of the driveway and some two or three feet from the west side of the sidewalk is a large magnolia tree. The physical facts largely obstruct the view of the sidewalk from the garage.

Appellee Brame has been totally blind for some twenty years. He was permitted to operate a concession inside

the Post Office building at Meridian. His home was some two or three blocks beyond the Hatten residence, but he and Hatten were not personally acquainted. Each business day he walked alone by the Hatten residence going to his work at the Post Office. He carried a cane made especially for use by blind people. This cane had a metal tip and Brame guided his steps by tapping the sidewalk and especially the sides thereof with this cane. It was a thickly populated neighborhood. The accident happened on Monday morning, October 1, 1956, between 5:30 and 6 o'clock. Brame was walking south along the sidewalk in front of the Hatten home on his way to the Post Office. At the same time Hatten got into a Buick automobile in his garage and began to back the car east toward 22nd Avenue. He said that he looked to the right and to the left, and as far as he was able, while sitting in his car, he looked to the rear. It was dark and he had turned on his lights. At the point where his driveway crossed the sidewalk, which ran north and south on the east side of 22nd Avenue, he backed into Brame, knocking him down upon the concrete, causing injuries. Hatten stopped his car, rushed out to Brame, who was in the street, to render to him such aid as he could. He put Brame in his car and carried him home. Hatten testified that he did not see Brame before his car struck him and did not know he was walking along the sidewalk. He gave this account of the event: Q. And then you pressed your foot on the accelerator and you started backwards for some seventy-five or more feet? When did you first realize that you had struck the blind boy? A. Well, I didn't realize that it was a blind person until I got to him, but as I backed down I heard a tap, which I suppose was his cane on some solid object. I don't know whether a rock, tree, concrete sidewalk, or my car, and I put on my emergency brake and got out, and he had rolled down. Q. So you didn't see a living soul? A. No, I didn't. Q. Or any object? A. No, I didn't. Didn't

see anybody, anything. Q. As you proceeded backwards, and the first thing you knew of the accident was the tap of the cane on a hard surface? A. I don't know whether it was a cane or what it was. Q. Well, it was a tap? A. I heard a knocking. Q. Did you hear that tap before your car struck the blind boy coming down that sidewalk, making tip-tap, tip-tap as they carry their cane in front of them? A. No, I didn't hear that.'' ██ ██ Of course, if he heard the tapping of Brame's cane, as he said he did, it was before Brame was struck by the car. Hatten did not blow his horn. He said his reason for not doing that was he might awaken people in the neighborhood. He did not stop his automobile as he approached the sidewalk. He said he was backing at the speed of two or three miles an hour. Appellee said the peremptory instruction was justified because Hatten did not blow his horn and did not stop as his automobile approached the sidewalk. Section 8214, Miss. Code of 1942, provides: ''The driver of a vehicle within a business or residence district emerging from an alley, driveway, or building shall stop such vehicle immediately prior to driving onto a sidewalk or into the sidewalk area extending across any alleyway or private driveway.'' The failure of Hatten to stop his car upon the rear thereof reaching the sidewalk was prima facie negligence. Netterville v. Crawford, No. 40,729, this day rendered. ██ █ It is clear that his failure to stop his car and comply with the foregoing statute was the cause of the accident and injury. It is clear also that had he stopped his car, the accident and injury would not have happened. Brame was familiar with the contour of the land and the nature of the sidewalk. He had passed that way many times. He testified that he heard the motor of the automobile, ''and before I could make any effort to get out of the way at all I was struck.'' He said that when he was struck, ''my cane was on past the back end of the car.'' He further testified that when he heard the purring

514

noise of the motor of the car, he had no time to get out of the path of the automobile. Hatten himself was asked: "* * * as regards the north or south extremity of your driveway, was Mr. Brame when you got back there to him?", and Hatten replied "He was on the southern, on the very extreme southern part of the driveway that led into 22nd Avenue, down in the gutter."

There is no substantial dispute in the testimony bearing upon the question of liability on the part of Hatten. The necessary conclusion is that his negligence caused the injury, and the logical conclusion is that had the automobile stopped as it approached the sidewalk Brame would have gotten safely across the driveway and there would have been no accident.

██ █ Also, under the circumstances, Brame was guilty of no contributory negligence. Anno. 62 A. L. R. 581.

██ █ Hatten requested, but was refused, a number of instructions. He urges that this was error on the part of the trial judge. All of the refused instructions submitted to the jury for decision whether Hatten was or was not liable. Since the peremptory instruction settled the liability against Hatten, the refusal of these instructions was not error.

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.,* concur.