SANDERS *v.* STATE.

No. 41553          January 16, 1961          125 So. 2d 923

*Prewitt & Bullard,* Vicksburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Lee, J.

Willie Sanders, indicted for murder and convicted of manslaughter, in the Circuit Court of Warren County, appealed from the judgment which sentenced him to serve a term of twelve years in the state penitentiary.

This is the second appearance of this cause here. In the first instance, the jury found him guilty of manslaughter, and he was sentenced to serve a term of ten years in the state penitentiary. Because of error on the part of the trial court in overruling his motion for the production of a tape recording of his confession, the cause was reversed and remanded for a new trial. Sanders v. State, 237 Miss. 772, 115 So. 2d 145.

A retrial of the cause occurred during the week of September 14, 1959, and again resulted in a conviction of manslaughter. During the trial, the defendant offered as witnesses on the issue of his sanity, Lillian Sanders and Curdestine Wildee, his mother and sister. The court sustained the objections of the State to the introduction of that testimony. Subsequently, the court, after making some research, concluded that he had committed prejudicial error in excluding the testimony of these two witnesses. No sentence was imposed on that verdict. Several days later, the court conferred with counsel for the State and the defendant, at which time his counsel indicated an intention to file a motion for a new trial, but said that he had not had time to do so. At any rate, no motion was filed. The court, being of the opinion that the verdict, under the circumstances, should not be permitted to stand, of his own motion, set it aside and awarded a new trial. Thereafter, during the week beginning on December 28, 1959, a jury was empaneled to try the defendant. After the selection had been completed, the defendant, in the absence of the jury, moved the court "to dismiss the above-styled and numbered indictment by reason that the court by ordering a new trial ex mero motu has divested itself of jurisdiction * * * and pleads double jeopardy in bar of further trial" therein. The State thereupon moved the court "to set aside the order granting a new trial * * * and to reinstate the verdict of the jury, and judgment and sentence entered thereon." The court

overruled these motions and detailed the facts in connection with what had transpired, as set forth in the preceding part of this paragraph.

At the conclusion of the State's case, the court overruled the defendant's motion to exclude such evidence and direct a verdict of not guilty as to both murder and manslaughter. In this trial, the defendant did not introduce Curdestine Wildee as a witness, but did offer Lillian Sanders and another.

At the conclusion of the evidence, the court again refused the request of the defendant for peremptory instruction. The cause was submitted to the jury which found the defendant guilty of manslaughter, and he was subsequently sentenced to a term of twelve years in the state penitentiary.

Only two alleged errors have been assigned, namely, the refusal of the court to sustain the motion of former jeopardy, and the increase in the sentence from ten years in the first trial to twelve years in the third. The appellant contends that the lower court divested itself of jurisdiction to try him a third time when the court, on its own motion, set aside the verdict of guilty on the second trial and ordered a new trial.

It is clearly settled that a court of general jurisdiction, in the absence of a statute to the contrary, has inherent power to grant a new trial, on its own motion, in civil cases. 66 C. J. S., New Trial, Section 115, p. 328; 39 Am. Jur., New Trial, Section 4, p. 34.

In 39 Am. Jur., New Trial, Section 11, p. 38, it is said: ''The power of a court to order a new trial of its own motion is held to exist in criminal prosecutions as well as in civil suits. In the exercise of this power, the essential difference between civil and criminal cases is that the court, in a criminal proceeding, must not place an additional burden on the defendant. It has been held that the court may not set aside a verdict of conviction without the consent of the accused, and that a plea

of former jeopardy must be sustained upon a second trial which has been awarded on the court's own motion.

"The trial judge, according to some of the decisions, has no authority of his own motion to grant a new trial in a criminal proceeding, and unless the accused makes application therefor, the court must proceed to impose sentence."

A consideration of some of the cases will demonstrate the accuracy of the above text in pointing out the conflict in the authorities in regard to the power of the court to grant new trials on its own motion in criminal cases.

In Louisiana it has been held that the trial court has no authority to award a new trial on its own motion. State v. Williams, 38 La. Ann. 961, 40 L. R. A. (NS) 294; State v. Whitbeck, 134 La. 812, 64 So. 759.

In California it has been held that, since the granting of a new trial is statutory, it cannot be awarded without a motion therefor. People v. Skoff, 21 P. 2d 118; People v. Rothrock, 63 P. 2d 807.

In Crymes v. State, 182 S. E. 856 (1935), a Georgia case, it was held that, inasmuch as the defendant expressly denied any intention to apply for a new trial, the trial judge erred in awarding one.

In State v. Snyder, 12 S. W. 369 (1889), a Missouri case, the jury found the defendant guilty of an assault with intent to ravish a female child of the age of eleven years and assessed his punishment at six months in the county jail. The trial court, of its own motion, set aside the verdict and entered an order forever disqualifying the jurors, who composed the panel, from sitting as jurors in that court. Subsequently the defendant was put to trial a second time. He pled *autrefois convict,* but the plea was ignored by the court. The jury brought in a verdict of guilty and fixed the punishment at imprisonment in the penitentiary for five years. On appeal, the Supreme Court, after the citation of authori-

ties, said: "Viewed in the light of the authorities cited, and of sound reason, there was no justification or excuse for the course pursued by the trial court in failing to enter judgment upon the first verdict, whether we follow the practice at common law, that defined by the statute, or the plain prohibition laid down in our constitution. Therefore the proceedings at the second trial, being against law, cannot be permitted to stand." The trial judge was therefore commanded to reinstate the original verdict as of the date it was rendered and set aside, and to enter judgment and sentence thereon as of that date. A further order was entered which commanded the warden of the state penitentiary to discharge the defendant from custody.

In State v. Harper, 184 S. W. 2d 601 (1945), another Missouri case, the defendant was convicted of larceny and his punishment was assessed by the jury at two years imprisonment. Upon his application, he was granted ten days in which to file a motion for a new trial. Subsequently his attorney being present, the court of its own motion set aside the verdict and awarded a new trial. His bond in the sum of $1,000, upon his application, was reduced to $500, the former sureties were discharged, and he made a new bond of $500. At the next term of court, he waived arraignment, pled not guilty, and was put to a second trial. A mistrial resulted. At the next term, he entered a plea of former jeopardy, which was overruled, and the third trial resulted in another verdict of guilty and a sentence of two years imprisonment. The court, in distinguishing this case from State v. Snyder, supra, on. account of what had occurred, namely, the defendant's request for time to file a motion for a new trial, taking advantage of the reduced bond, and his second trial without objection said: "The court's action in setting aside the verdict and granting a new trial in the instant case conformed to appellant's suggestion and was in accord with and

not in opposition to the evidenced will of the appellant. It cannot be termed arbitrary and oppressive.''

In Commonwealth of Pennsylvania v. Endrukat, 35 L. R. A. (NS) 470, the defendant was arraigned on a charge of murder. His plea of present insanity was overruled, and the jury was instructed to pass on both his guilt and his present mental condition. The verdict found the accused guilty of murder in the first degree ''and now a lunatic and of unsound mind.'' About two years later, after the accused had regained his sanity, the State moved for judgment on the verdict. But, the court, on its own motion, set aside the verdict and awarded a new trial on the ground that, since the accused was insane at the time of the trial, he was not legally placed on trial. When the accused was subsequently arraigned, his counsel pled former jeopardy by reason of the former trial and the act of the court, on its own motion, in setting aside the verdict. The plea was overruled, the trial proceeded, and the defendant was found guilty of murder in the first degree. In affirming the action of the trial court, the Supreme Court held that the first verdict ought not to have been accepted, and that the court should have treated it as a nullity because there was in fact no trial at all of the charge against the accused.

In Lowe v. People, 234 P. 169, a Colorado case, it was held that the judge may, on his own motion, award a new trial when he is convinced that the verdict is not supported by the evidence.

██ ██ The attention of the court has been called to no authority in this State, either constitutional, statutory, or judicial decision, which prohibits a trial judge, on his own motion, from setting aside a verdict and awarding a new trial in a criminal case where he is convinced that prejudicial error had been committed, or that the verdict is not supported by the evidence. ██ ██ In the present case, the trial judge was convinced that

he had committed prejudicial error in refusing to admit the evidence of the two named witnesses. In other words, he was of the opinion that he had made a mistake. He was determined that, as far as within him lay, he would correct his mistake and see that the accused obtained that fair trial to which he was entitled under the law. He did not even pass sentence at all on that verdict. He set the same aside and gave the accused another opportunity to introduce the evidence of those witnesses, and, for that matter, any additional evidence that he might be able to adduce. There is no basis whatever upon which it can be justly said that the appellant was, in any way, prejudiced by reason of the trial in this instance. In truth and in fact, the learned trial judge must be commended for his obvious sincerity and his earnest endeavor to assure and see to it that the appellant had a fair trial.

It would be an altogether different proposition if the verdict in this trial had been for murder rather than for manslaughter. Such would also be true in those instances where the jury fixes the punishment, and a second jury might assess a heavier punishment. The penalty for manslaughter is prescribed by Section 2233, Code of 1942, Recompiled. The maximum therefor is twenty years. ██ █ The trial judge has a wide discretion in determining the proper sentence to be imposed on one who is found guilty of this crime. It is true that, in the first trial, the appellant was sentenced to serve a term of ten years. But in that cause the judgment was reversed at his instance. This Court cannot say that the trial judge was in error in pronouncing a sentence of twelve years.

The judgment of the trial court must therefore be affirmed.

Affirmed.

*McGehee, C.J.,* and *Kyle, Gillespie* and *Rodgers, JJ.,* concur.