# Ramage *v.* Kelly

No. 43581          June 14, 1965          176 So. 2d 324

*Paul M. Moore,* Calhoun City; *Armis E. Hawkins,* Houston, for appellant.

*Freeland & Gafford,* Oxford; *Jesse L. Yancy, Jr.,* Bruce; *John P. Fox,* Houston, for appellee.

584

ETHRIDGE, P. J.

This is a personal injury action brought by appellant, Bobby Ray Ramage, against appellee, Billy Ray Kelly, in the Circuit Court of Calhoun County. The appeal is from a jury verdict and judgment for Kelly. The case involves determining whether the verdict is against the overwhelming weight of the evidence, and whether certain instructions granted appellee constitute reversible error.

The jury was justified in finding in favor of Kelly. Reviewing the verdict, we must consider the facts and reasonable inferences from them in the light most favorable to appellee. The automobile collision occurred just inside the east corporate limits of the Town of Vardaman. The Vanlandinghams had a home approximately 100 feet inside the town's eastern limits, and situated on the south side of State Highway 8. Ramage and his wife drove to the Vanlandingham home around 7:00 p.m. on a clear night in December 1963, in Ramage's pickup truck. Following their usual custom, and pursuant to the suggestion of Mrs. Ramage, the two couples got into the truck with Vanlandingham driving. He did not turn the truck around, but backed it up to the south side of the road. He stopped and observed two cars going east and another one headed west. He waited for the two eastbound cars to pass, but before the westbound car driven by defendant Kelly passed, Vanlandingham proceeded to back into the highway in the north lane headed west. The truck did not have its lights on when it was backed into the highway.

Kelly, driving a Volkswagen in a westerly direction, was moving at a highway speed of 60 miles per hour

as he approached the town limits sign, which stated 30 miles. He saw the two red brake lights of the truck flash briefly, and immediately applied his brakes, turned right, and hit the right rear of the pickup truck. Ramage suffered injuries to his neck and back. The highway at the point of impact was level and straight, with relatively unobstructed visibility for some distance. Kelly's Volkswagen made skidmarks of 90 to 100 feet, beginning about 18 feet east of the town limits and continuing to point of impact, which was 87 feet inside the town. As Kelly met a car traveling east along the highway, he removed his foot from the gas pedal, slowing his car somewhat, and at that time his attention was called to the brief flashing of brake lights on appellant's truck.

All four adults in the truck knew that Kelly's car was approaching, yet Vanlandingham proceeded to back it into the highway. He thought he had time to complete this maneuver. The point of impact was east of the Vanlandingham driveway, thus justifying a finding that the truck had not moved forward after backing into the road in front of Kelly's car.

The trial court instructed the jury for plaintiff that defendant was negligent as a matter of law in failing to maintain a lookout, and control of his car, so that he could stop it within the range of his headlights; and that if the jury believed such negligence by defendant proximately caused or proximately contributed to the accident, then it should find for plaintiff. In short, the court told the jury that Kelly was negligent, and submitted to it the issue of whether this was a contributing, proximate cause of the collision. Manifestly, the jury concluded that the backing out of appellant's truck on the highway, without lights and in the face of an oncoming vehicle, was negligence and the sole proximate cause of the accident. It was justified in so finding.

Although the backing of a motor vehicle is not in and of itself negligence, yet in backing a vehicle

a motorist has the duty of exercising ordinary and reasonable care under the circumstances, to avoid injury to the person or property of another. Accordingly, backing without taking precautions appropriate and necessary under the circumstances constitutes negligence. 8 Am. Jur. 2d *Automobiles and Highway Traffic* §§ 789, 793, 794 (1963); Annot., *Liability for Injury Occasioned by Backing of Motor Vehicle From Private Premises Into Public Street or Highway,* 63 A.L.R. 2d 108 (1959). Generally, issues of negligence involving the backing of an automobile into a public street and collision with another vehicle are questions of fact for the jury. Annot., 63 A.L.R. 2d at 122, 125, 131. Trotter v. Staggers, 201 Miss. 9, 28 So. 2d 237 (1946), affirmed a verdict for the owner of the backing vehicle, the plaintiff, holding there were disputed questions of fact, and the jury might have returned a verdict for either party. See also 2 Blashfield, Cyclopedia of Automobile Law and Practice § 1104 (1951); 60 C.J.S. *Motor Vehicles* § 346 (1949); see Hatten v. Brame, 233 Miss. 509, 103 So. 2d 4 (1958). This standard of care is further defined in Mississippi Code Annotated section 8197 (1956), providing that the driver of a vehicle shall stop at the entrance to a highway, "and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard . . . ."

██ ▇ With this standard and these criteria in mind, we have considered the three instructions granted appellee and complained of by appellant. Those on pages 47 and 48 of the record do not precisely comply with these rules. They make no specific reference to the "immediate hazard" doctrine. However, they refer to that which a "reasonably prudent and cautious person" would do in order to enter the highway "safely and without injuring others"; and failing to yield the right of way to vehicles approaching on a highway "at a time when it

was practical to do" so. Appellant's instructions stated the "immediate hazard" rule. Reading all instructions together, the above two granted appellee could not have mislead the jury. The instruction on record page 51 contains some erroneous terminology, but specifically refers to "the exercise of ordinary care" in defining the duty of Vanlandingham to see the oncoming car of Kelly. Considering these three instructions granted appellee along with those given appellant, the jury was adequately instructed. Moreover, Mississippi Rule 11 provides that a judgment shall not be reversed on the ground of misdirection to the jury "unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice." The harmless error doctrine of Rule 11 is also applicable.

Affirmed.

*Gillespie, Brady, Patterson and Inzer, JJ.,* concur.