BRADY, Justice:
A suit for damages was brought by appellant against appellee for personal injuries and property damage resulting from an automobile accident. A jury verdict and judgment in favor of appellee was obtained in the County Court of the First Judicial District of Hinds County and affirmed upon appeal by the Circuit Court of the First District of Hinds County. From this judgment appellant appeals.
*708 The controlling facts as reflected in the record are as follows. On November 1, 1963, the appellant was driving his automobile in a northerly direction on Bailey Avenue, which runs generally in a north and south direction, and was in the act of turning his car to the right or east onto Idlewild Street, which at the time was a one-way street not to be entered from Bailey Avenue. The appellant testified that as he was in the act of turning into Idle-wild Street the rear of his car was struck by the truck owned by appellee, Ryder Truck Lines, Inc., and being driven by its employee, Paul Cooper. Appellant testified that he did not see the truck owned and driven by appellees and did not know what speed the truck was making at the time of the collision. He testified that he had not brought his automobile to a stop at the time of the collision and that the rear of his car was extending out some short distance into Bailey Avenue. Appellant’s declaration charged that the truck was being operated in a careless and reckless manner in violation of the statutes of this State and the ordinances of the City of Jackson; that appellees' were following appellant’s vehicle closer than was reasonable and prudent; that the appellees failed to maintain a reasonable, proper and careful lookout or to have the truck under reasonable and proper control; and that the truck was being operated at a rate of speed in excess of the statutes and ordinances. The last ground of negligence charged was that appellees failed to decrease the speed of the truck when approaching the intersection of Bailey Avenue and Idlewild Street intersection. Appellees’ answer denied the material allegations of appellant’s declaration insofar as negligence on the part of ap-pellees is concerned and alleged certain affirmative matter in the following language :
Defendants fulfilled each and every duty they owed to plaintiff on the occasion involved and were not guilty of any negligence which proximately contributed to or caused the occurrence complained of. Plaintiff was guilty of negligence in the operation of his car which was the sole proximate cause thereof. Such negligence on the part of plaintiff was a contributing cause to said occurrence. Plaintiff did not have his car under reasonable and proper control under the existing circumstances and was not keeping a reasonable and proper lookout for other traffic using the street. Plaintiff had turned from Bailey Avenue onto Idlewild Street proceeding in an easterly direction on Idlewild Street in violation of a traffic sign prohibiting traffic from entering Idlewild Street from Bailey Avenue. Plaintiff then started backing his car out of Idlewild Street onto Bailey Avenue and backed same into the truck of defendants which truck had the right-of-way at said time and place and which right-of-way plaintiff failed to yield to defendants.
An amendment to the declaration was filed and appellees answered the same. The amendment and said answer are not material to the issues here. To the affirmative matter filed by appellees the appellant replied denying the allegations.
While numerous grounds of negligence are pleaded by appellant and embodied in the assignment of errors, only two errors are presented and urged in the brief of appellant, the first being that the undisputed and uncontradicted testimony given by ap-pellees is conclusive in showing that appel-lee Cooper failed to keep a proper lookout and failed to keep his vehicle under reasonable control and therefore the county court erred in not granting a peremptory instruction to the appellant. The second ground urged and treated in appellant’s brief is that since the appellees had not specifically pleaded the violation of the ordinance under Section 114 of the Uniform Traffic Regulation Code of the City of Jackson, Mississippi, which ordinance was offered in evidence by the appellees and admitted in evidence by the county court over the objection of appellant, said ordinance was not admissible as affirma *709 tive matter in defense of appellant’s grounds of negligence.
It is necessary in considering the first assignment of error for us to briefly review the evidence which was submitted to the jury for their consideration. The record discloses that Bailey Avenue is a four lane street; that Idlewild Street does not intersect but forms a “T” on the east side of Bailey Avenue. A school is located on the northeast corner of this branch and a church is on the southeast corner. At the time of the collision there was no speed sign placed in Bailey Avenue. Appellee Cooper testified that as he approached the point of entrance of Idlewild Street into Bailey Avenue he slowed down to a speed of approximately fifteen miles per hour. He was familiar with the area and knew that he was approaching a school. There was no traffic in front of or behind him other than the appellant. He had a clear view of Bailey Avenue and such portion of Idlewild Street as was visible. On the southeast corner of the connection of Idle-wild Street and Bailey Avenue there is a bank or elevation upon which the church rests. There was an iron movable sign placed in the middle of Idlewild Street out of the northbound lane of Bailey Avenue which read: “Do Not Enter.”
Cooper testified that as he approached Idlewild Street and saw the rear of appellant’s car he had reduced his speed from fifteen miles per hour to five or ten miles per hour. Appellee Cooper was traveling in the street in the extreme right-hand lane for northbound traffic. Cooper stated he did not see the front end of appellant’s car because he was looking straight ahead on Bailey Avenue and the bank, light pole and sign on the southeast corner of the intersection obscured his vision up into Idle-wild Street as he approached the junction. Appellee Cooper testified that appellant’s car was being backed out of Idlewild Street :nto Bailey Avenue, and when he realized this, he immediately applied the brakes and turned his truck to the left, but was able to make only a slight turn. At the time of the impact, the truck Cooper was driving was still in the right-hand lane for northbound traffic. The front end of appellant’s car was partly in Idlewild Street and the rear end partly in Bailey Avenue.
In this case there is not involved the question of the amount of damages to appellant’s car or the injuries he alleged he received or the damages occasioned thereby.
It should be noted that the appellant testified that he knew that the “Do Not Enter” sign was placed at the beginning of Idlewild Street, or that he knew what the sign meant, and that he testified that he was in the act of turning into the street and still moving at the time of the collision, that when interviewed by the officer who investigated the accident, he stated he did not know what had happened. We have here a clear-cut issue of fact which the jury could have resolved in favor of the appellant or the appellees but which the jury resolved in favor of the appellees. We are of the opinion that the jury was justified, under the physical facts and the testimony of these two witnesses, who were the only eye witnesses as to how the accident occurred, in reaching their verdict in behalf of the appellees.
The second error assigned is that the trial court erred in admitting into evidence Section 114 of the Uniform Traffic Regulation Code of the City of Jackson, Mississippi, because it was not specially pleaded by appellees in their answer. Section 114 reads as follows:
LIMITATIONS ON BACKING — The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.
It is conceded that there is a split of authority in regard to this question. However, we are not herein required to adopt either view because the ordinance which was introduced does nothing more than codify the common law rules regarding backing as developed by the decisions of *710 this court. Hudson v. Richardson, 211 So.2d 839 (Miss.1968); Ramage v. Kelly, 253 Miss. 582, 176 So.2d 324 (1965); Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962); and Trotter v. Staggers, 201 Miss. 9, 28 So.2d 237 (1946).
In fact, the rules regarding backing which the cases set out are more restrictive than the rule laid down by the ordinance which was admitted in this case. There was sufficient testimony which the jury had a right to believe and did believe to justify the finding that appellant was guilty of common law negligence in the backing of his automobile. Therefore the error of admitting the ordinance, if it was error, was a harmless one and is not an adequate ground for reversal.
For the foregoing reasons we affirm the ruling of the lower court.
Affirmed.
ETHRIDGE, C. J., and JONES, INZER and SMITH, JJ., concur.