380 So.2d 1265 (1980)
Madeline WATKINS
v.
Carolyn C. ROSS et al.
No. 51667.
Supreme Court of Mississippi.
March 12, 1980.
Walker, Brookins & Walker, John L. Walker, Jr., Jackson, Percy W. Watson, Hattiesburg, for appellant.
Roberts & Easterling, M.M. Roberts, Holmes & Dukes, Hattiesburg, for appellees.
Before PATTERSON, BROOM and COFER, JJ.
COFER, Justice, for the Court:
Appellant Madeline Watkins brought suit in the Circuit Court of Forrest County against Carolyn C. Ross, et al., appellees, for damages resulting from an auto collision. The jury awarded to her $7,500 and she appeals here assigning a number of *1266 errors, all of which are addressed to the amount of the judgment.
Appellant, at the time of the collision, was employed at Conva-Rest, a rest home situate at the west end of Medical Boulevard in Hattiesburg, Mississippi. She had just finished a tour of duty on the night shift, and shortly after 7:10 a.m. was en route from the home, in an easterly direction on Medical Boulevard, when the motor vehicle she was driving collided with a motor vehicle being reversed from a parking place on the south side of the street, and driven by appellee Carolyn C. Ross. In the Ross vehicle with Carolyn were her mother, an appellee, who occupied the passenger side of the front seat, and Patricia Ross, sister and daughter of the front seat occupants of the car. Carolyn was then sixteen years of age, and permitted to drive by her parents' approval of her application for that authority. Mississippi Code Annotated, sections 63-1-23 and 63-1-25 (1972). (Hence, these parents' joinder as defendants in this suit.)
The uncontradicted testimony sets the stage for the impact. Carolyn and her mother and sister had come early to the Pathology Laboratory situate on the south side of Medical Boulevard. Their vehicle was headed into a parking space on Medical Boulevard either in front of, or near, the front door of the laboratory building. They came from the building, re-entered the vehicle; Carolyn and her mother looked in both directions; Carolyn looked in both directions again, then took her foot off the brake, and the vehicle moved slowly backward, with no acceleration by the driver.
At the same time, appellant Watkins was driving eastwardly on the right side of Medical Boulevard at a speed of ten to fifteen miles per hour; at about one hundred feet to the west she saw the Ross vehicle in the parking space with no sign (back-up lights or otherwise) indicating it was about to move in reverse. Mrs. Watkins, who frequently went to the Pathology Laboratory on errands for her employer, looked over to the front door of the pathology building.
Mrs. Watkins did not see the Ross' vehicle backing into the driving lane. Carolyn did not see the Watkins' vehicle approaching in the driving lane.
The left rear end of the Ross' vehicle struck the right front fender and door of the Watkins' car, denting the fender and front door, bending the right front tire rim and bursting the tire on that rim.
The first indication to appellant Watkins of the impact was the sound as of an explosion. The first indication of the collision to Carolyn was as if her car wheel had come upon a hole in the street.
Appellees argue that appellant was illegally using the street because she was operating the vehicle of another, which vehicle had an out-of-state tag on it. (We fail to find this fact as proximately or otherwise causing or contributing to the occurrence just narrated.) They further argue that appellant was driving without a drivers' license and at a speed of twenty-five to thirty miles per hour. These assertions do not seem to have any basis in the record before the jury.
In the impact Mrs. Watkins' head was thrown forward so that it hit her hands on the steering wheel. She suffered injury to her neck and back, causing hospitalization and special collar and back support worn for sometime after the accident. She was off her job for substantially more than a year, and her physicians were not inclined to conclude that she was malingering. Her doctor, hospital, and medical bills and lost wages from the nursing home, all uncontradicted, exceeded $8,000. Appellant maintains that the verdict should have been for all of these damages plus $20,000 for pain and suffering. She also contends that the verdict in a sum less than her expenses and lost income is the product of bias, passion, and prejudice.
Carolyn's reversing as she did was negligence, since it is evident that she did not take the precautions appropriate and necessary under the circumstances. Ramage v. Kelly, 253 Miss. 582, 585-586, 176 So.2d 324 (1965); Burrell v. Goss, 245 Miss. *1267 420, 426, 146 So.2d 78 (1962); Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 144-145, 141 So.2d 226 (1962).
Mrs. Watkins' driving her vehicle in such a state of inattention that she was hit by the Ross' vehicle before she knew it was even moving into the way was negligence. Fowler Butane Gas Co. v. Varner, supra. Her lack of awareness of the immediate situation did not extenuate her situation or the duty which was hers to know and to make proper reaction thereto. Shideler v. Taylor, 292 So.2d 155 (Miss. 1974); Ulmer v. Pistole, 115 Miss. 485, 76 So. 522 (1917).
Thus, our conclusion is that both vehicles were being operated in a negligent manner, and the degree of negligence of each driver was for the decision of the jury. Mississippi Code Annotated, section 11-7-17 (1972).
There was no instruction to the jury on the question of contributory negligence of the plaintiff. It was, however, the duty and prerogative of the jury to make a decision as to the contributory negligence and to fix an award, if any, to the plaintiff which would make allowance for her contribution to the occurrence. Altom v. Wood, 298 So.2d 700 (Miss. 1974); and Carr v. Cox, 255 So.2d 317 (Miss. 1971). We are of the view that the trial jury did this, and, while we likely would be inclined not to disturb a substantially larger award, we cannot say, on this record, that the verdict of the jury is contrary to the overwhelming weight of the evidence or that it is the product of bias, passion, or prejudice on the part of the jury.
We, accordingly, affirm the lower court.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.