490 So.2d 834 (1986)
CITY OF JACKSON and Willie Lee Butler
v.
Douglas A. COPELAND.
No. 55644.
Supreme Court of Mississippi.
May 28, 1986.
*835 David L. Love, Timmie Hancock, Jackson, for appellants.
John H. Fox, III, Fox & Watson, Jackson, for appellee.
Before WALKER, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
The Circuit Court of the First Judicial District of Hinds County entered a judgment for the appellee, Douglas A. Copeland (Copeland) against the appellants, the City of Jackson (City) and Willie Lee Butler (Butler), on an action grounded in negligence arising out of an automobile accident. The complaint prayed for actual and compensatory damages in the amount of $6,000,000.00.
A first trial resulted in a jury verdict for the City and Butler, but after a new trial was ordered the jury returned a verdict in favor of Copeland, assessing damages in the amount of $350,000.00. This award was reduced to $262,500.00, since the jury found Copeland to be 25% comparatively negligent.
From this judgment, the City and Butler appeal, assigning as error:
I. The trial court erred in granting a new trial to plaintiff (appellee/cross-appellant) on grounds that improper testimony was elicited by the defendants where no objection was made by the plaintiff at the time of the alleged elicitation of improper testimony;
II. The trial court erred in granting a new trial on grounds that were not *836 pled in the written motion of plaintiff for judgment notwithstanding the verdict or, in the alternative, for a new trial;
III. The trial court erred in granting a new trial on grounds that were not brought to the attention of the court by the plaintiff; and
IV. The trial court erred in its order of June 23, 1983, in ruling that the verdict of the jury was against the overwhelming weight of the evidence and testimony, and in substituting its opinion and judgment for the verdict of the jury.
Copeland also appeals, assigning as error:
I. The court erred in granting defendant's instruction D-9;
II. The court erred in refusing plaintiff's instruction No. 7; the absence of which left the jury to speculate and without guidline to define the plaintiff's acts of negligence upon which to assign comparative negligence and reduction of award;
III. The court erred in refusing plaintiff's instruction No. 17, in that the testimony of the defendant Butler contained several clear admissions of negligence by statute;
IV. The court erred in refusing plaintiff's instruction No. 16 defining the admitted negligence of the defendant Butler in moving from one of three lanes of traffic to another without first ascertaining that it could be done with safety;
V. The amount of the judgment awarded to the plaintiff is so grossly inadequate and against the overwhelming weight of the testimony and evidence as to evidence bias or prejudice against the defendant;
VI. The court erred in refusing to grant plaintiff a new trial upon the attempt by the defendants to overcome defendant Butler's previous testimony and deposition, under oath, and his statements made by asserting that he could not read and only write his name; and
VII. The refusal of the trial court to grant plaintiff's motion in limine to preclude the testimony of Jackson police Officer Phil C. Burnham offered in contradiction to the official report of the deceased Officer Hickman or, in the alternative, to permit the introduction of Officer Hickman's report as a business record of the defendant, City of Jackson, was error.
On February 13, 1981, a city-owned garbage truck driven by Butler and a 1973 Pontiac LeMans driven by Copeland were involved in an accident on Pascagoula Street in downtown Jackson.
The collision occurred east of the intersection of Pascagoula and Farish Streets. Pascagoula is a three-lane one-way street running from west to east. Farish Street runs north and south and intersects Pascagoula.
Copeland turned left on Pascagoula from Gallatin street, and immediately proceeded to the right or southhand lane of Pascagoula. Copeland stopped at the traffic light at the intersection of Roach and Pascagoula, but paused momentarily after the light had turned green in order to be able to catch the remaining green lights on Pascagoula, since the lights are in sequence.
According to Copeland, there was nothing to block his view of the garbage truck, he did not hear any vehicles, he never saw the truck, and he never got out of the righthand lane.
Butler stated that, on the day of the accident, he started to work around 5:15 p.m., and that everything on the truck was in working order, with the exception of the speedometer. The last pickup Butler made before the accident was on the northwest corner of Roach and Pascagoula streets. Butler's next stop was at the W.T. May building, which is on the south side of Pascagoula Street.
*837 After leaving the Pascagoula-Roach streets pickup, Butler started off in the left lane of Pascagoula and began looking in his rear view mirror, in order to move from the left to the center and then to the right lane of Pascagoula Street. The truck's four-way signal lights were also on.
Butler, who was traveling around 25 miles per hour, proceeded to the center lane and tried to get into the righthand lane but couldn't, because cars were passing him in the right lane. Butler continued, heard tires screeching, looked in the mirror, and when he looked back Copeland's car was crossways in front of his truck.
Butler swerved to the left and hit the brakes but Copeland's car was stuck on the truck's bumper. The vehicles did not separate until they came to a stop after hitting the telephone pole in front of the B.F. Goodrich store on the north side of Pascagoula. The impact severed the telephone pole at its base.
Butler claims that the impact occurred while he was in the center lane.
The accident resulted in the fracture of Copeland's first thoracic and seventh cervical vertebrae. Two surgical procedures were required; the first to decompress the spinal column, and the second, in which acrylic rods were inserted on both sides of Copeland's spine from his hair line to his shoulder blades, in order to stabilize the area and allow the bones to fuse together. Subsequently, a third operation will be required to remove the acrylic rods.

LAW

DIRECT APPEAL
The city's and Butler's four assigned errors are considered together. They argue that the lower court erred in granting a new trial: since Copeland made no contemporaneous objection to the alleged improper testimony elicited from reserve police officer Ron Ashley; since a new trial was granted on grounds not mentioned in Copeland's motion for a new trial; and since the lower court found the jury verdict in the first trial to be against the overwhelming weight of the evidence.
Underlying this assignment of error is some testimony of reserve police officer Ron Ashley. Ashley's testimony supports Copeland's theory of the case. In sum, while on cross-examination, Ashley answered some questions explaining that he was involved in lawsuits against the City. These suits  one of in which Ashley was the plaintiff and another in which Ashley represents six police officers  were pending and were based upon reverse discrimination.
This was one basis for the lower court ordering a new trial. The City and Butler argue that, since no contemporaneous objection was made by Copeland during Ashley's testimony, the circuit court judge may not consider this in his determination of whether to grant a new trial.
This argument, along with the others grounded in the theory that a trial court may not order a new trial on grounds not mentioned in the motion for a new trial, are without merit, for as stated in Sanders v. State, 239 Miss. 874, 125 So.2d 923 (1961), "It is clearly settled that a court of general jurisdiction, in the absence of a statute to the contrary, has inherent power to grant a new trial, on its own motion, in civil cases." 239 Miss. at 878, 125 So.2d at 925. See also National Cas. Co., et al. v. Calhoun, 219 Miss. 9, 67 So.2d 908 (1953).
Again, the City and Butler argue that the jury is the trier of the facts, and that there was ample evidence and testimony to support the jury verdict in the first trial.
As stated in Clayton v. Thompson, 475 So.2d 439 (Miss. 1985):
The granting or denial of a new trial in a civil case is a matter committed to the sound discretion of the trial judge. Such motions should be granted sparingly and only when the trial judge is convinced that the jury has wholly departed from its oath to follow the law and has been actuated by bias, passion and prejudice. Jesco, Inc. v. Whitehead, 451 So.2d 706, 714-716, (Miss. 1984); Beard v. Williams, *838 172 Miss. 880, 884, 161 So. 750, 751 (1935).
475 So.2d at 443.
In view of the attempted impeachment of Ashley, along with the conflicting evidence, and the fact that the granting of a new trial is within the sound discretion of the trial court, this assignment of error is without merit.

CROSS-APPEAL

I.

WHETHER THE COURT ERRED IN GRANTING DEFENDANT'S INSTRUCTION D-9
Under this assignment of error, Copeland requests this Court to remove the assessment of comparative negligence and restore to him the original jury award of $350,000.
Instruction D-9 reads as follows:
The Court instructs you that if you find from a preponderance of the evidence in this case that Plaintiff was himself guilty of some negligence which proximately contributed to the accident in question and the injuries sustained by him, you must still return a verdict for Plaintiff if you also find that Defendant was guilty of negligence which proximately contributed to the accident in question and to Plaintiff's injury. If you find from a preponderance of the evidence in this case that both Plaintiff and Defendant were negligent and that their respective negligence, if any, proximately contributed to the accident in question and to Plaintiff's injury, then you must first determine the total amount of the damages to which Plaintiff is entitled and then reduce his damages by the percentage or amount of negligence attributable to Plaintiff, if any.
As can be seen, instruction D-9 is a contributory negligence instruction, and Copeland objected to the inclusion of it. The basis of Copeland's argument is contained in the case of Trainer v. Gibson, 360 So.2d 1226 (Miss. 1978). In Trainer, which was an automobile personal injury case, the jury found both the plaintiff and defendant guilty of negligence and awarded the plaintiff $10,000 in damages, from which the plaintiff appealed, contending it was reversible error to grant a contributory negligence instruction without defining what facts would constitute such negligence.
This Court, speaking through Justice Walker, affirmed the lower court on the question of the defendant's liability, but remanded the case for a new trial on the question of the contributory negligence of the plaintiff and damages. The basis of the Court's decision was that the instruction complained of failed to state the facts that the jury must have found in order to constitute negligence.
The Court stated:
We have stated on several occasions that an instruction charging negligence or contributory negligence must define those acts which would constitute such. Jones v. Craft, 218 So.2d 727 (Miss. 1969); Rayborn v. Freeman, 209 So.2d 193 (Miss. 1968); Gore v. Patrick, 246 Miss. 715, 150 So.2d 169 (1963).
We have also held that even though failure to do so is error, it is harmless error where another instruction correctly informs the jury what facts constitute negligence. Gore v. Patrick, supra.

360 So.2d at 1228; see also Akin v. Cowie, 405 So.2d 903, 906-07 (Miss. 1981).
In the case at bar, there are no instructions offered by Butler and the City which attempt to inform the jury of what facts constitute negligence.
Butler and the City correctly note that there was ample evidence and testimony presented to support a finding of contributory negligence. However, as may be seen from Trainer v. Gibson, supra, and those cases following it, this is not conclusive. The jury must be instructed as to the facts constituting such negligence, and, if not, reversible error has been committed.
It should be pointed out, however, that a jury has the duty and prerogative to make *839 a decision as to contributory negligence and to reduce the award of damages, if any, in accordance with any contributory negligence. See Edwards by and through Edwards v. Patrick by and through Patrick, 469 So.2d 92 (Miss. 1985); Watkins v. Ross, 380 So.2d 1265 (Miss. 1980); Altom v. Wood, 298 So.2d 700 (Miss. 1974); Carr v. Cox, 255 So.2d 317 (Miss. 1971).
Thus, a jury may reduce an award by taking into account any contributory negligence, but only in two situations. The first is when the jury is properly instructed as to those facts constituting contributory negligence, and the second is when the jury is not instructed on contributory negligence, but is justified under the evidence in finding contributory negligence. The case sub judice fits into neither of these categories.
The evidence in the case at bar does not clearly establish negligence on one party only. The testimony of both Butler and Copeland, who were the only eyewitnesses called to testify, states that neither of them knew exactly what had happened. Thus, it is for the jury to determine which of the parties  indeed possibly both of them  were negligent and to what degree, if any.
We do find, however, that the jury had the requisite amount of evidence to find Butler, and thus the City, negligent.
Nevertheless, reversible error was committed since the jury was not presented with an instruction stating what facts would constitute negligence. Consequently, since it may not be said from a review of the record that Copeland was in no way contributorily negligent, it seems that the case should be reversed and remanded for a new trial.
Finally, in finding Copeland's first argument meritorious, we find no need to discuss the remaining errors assigned.
For the reasons stated above, we affirm the lower court on the question of the City's and Butler's negligence, but reverse and remand this case for a new trial on the question of Copeland's negligence, if any, and damages.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.