McRAE, Justice,
dissenting:
Because the majority diverges from the applicable standard for reviewing a motion for a new trial, I must respectfully dissent. The trial judge is given broad discretion in his decision to grant or deny a new trial. Bland v. Bland, 629 So.2d 582, 586 (Mss. 1993); Meena v. Wilburn, 603 So.2d 866, 877 (Miss.1992); Burnham v. Tabb, 508 So.2d 1072, 1075 (Miss.1987). This Court is without power to reverse the trial judge in his ruling on a motion for a new trial absent an abuse of discretion. American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995); Kitchens v. Mississippi Ins. Guar. Ass’n, 560 So.2d 129, 132 (Miss.1989). A trial judge may grant a new trial on its own motion in the absence of a contemporaneous objection or on grounds not included in a party’s motion for a new trial. City of Jackson v. Copeland, 490 So.2d 834, 837 (Miss.1986).
The majority reverse the decision to grant a new trial on the basis that the plaintiff failed to move for a mistrial subsequent and in addition to his entry of a timely objection. However, a trial judge has authority to grant a new trial at any time he is convinced that the jury has resorted to bias, passion and prejudice. Jesco, Inc. v. Whitehead, 451 So.2d 706, 714-16 (Miss.1984). A contemporaneous objection is not even required if the jury has resorted to external factors in rendering a verdict. Copeland, 490 So.2d at 837. Accordingly, the absence of a motion for a mistrial did not diminish the inherent power of the trial judge to grant a new trial in the case at hand.
Not only did the trial judge have the authority to grant a new trial in this case, but the record demonstrates a compelling reason for having done so. The defense opened its ease with reference to alleged racial slurs made by O’Connor while at work. The plaintiff made a contemporaneous objection, but not until later in the proceedings during a motion in limine, did the trial judge sustain O’Connor’s objection to this evidence.[1] This *1184 evidence was ultimately ruled inadmissible because its probative value was substantially outweighed by its prejudicial effect. Thus, the lower court’s failure to deal with the objection during opening statements left the jury to ponder over the allegations of racial slurs throughout much of the trial.
This Court has determined as a general rule that insurance should not be mentioned to a jury because of its highly prejudicial effect on the jury’s willingness to award damages. West Cash & Carry Bldg. Materials v. Palumbo, 371 So.2d 873, 876 (1979). Any direct allegation at trial that a party is racially prejudiced will almost assuredly have a similar effect, especially if the jury allowed to maintain such an image of that party throughout most of the trial. The trial judge is best positioned to determine whether comments have prejudiced the jury since he is charged with monitoring the trial as it progresses. Palumbo, 371 So.2d at 876. The jury in the case at bar was permitted to retain an odious image of the plaintiff throughout most of the trial without any evidence being introduced to support it. Consequently, the grant of a new trial can not constitute an abuse of discretion.
The trial judge had the inherent authority to grant a new trial in this case as he was in the best position to determine that the jury verdict was the result of bias, passion and prejudice. This Court may not reverse the decision of the lower court absent an abuse of discretion. The applicable standard of review requires this Court to affirm the decision below. Accordingly, I dissent.
DAN M. LEE, C.J., joins this opinion.

. The absence of a motion for a mistrial by the plaintiff was partially due to the trial judge's *1184 demand that the parties drop the issue regarding the admissibility of the alleged incident involving racial slurs and consider it at a later time outside the presence of the jury. O’Connor was simply not given the opportunity to move for a mistrial immediately following his contemporaneous objection.