124

TIMMINS ET AL., APPELLANTS, *v.* RUSSOMANO, APPELLEE.

(No. 41139—Decided May 1, 1968.)

Mr. *Frederick H. Loomis,* for appellants.

Messrs. *Hoppe, Day & Ford* and *Mr. Robert S. Mc-Geough,* for appellee.

ZIMMERMAN, J. Section 4511.39, Revised Code, states, in part:

"No person shall turn a vehicle * * * from a direct course upon a highway until such person has exercised due care to ascertain that the movement can be made with reasonable safety to other users of *the highway,* and then only * * * after giving an appropriate signal in the event any traffic may be affected by such movement.

"A signal of intention to turn right or left shall be given in sufficient time in advance of the movement indicated to give ample warning to other users of *the highway* who would be affected by such movement." (Emphasis supplied.)

In compliance with the quoted statute, plaintiff Timmins, traveling on a main thoroughfare, indicated by activating the right-turn signal lights on her automobile that she intended to turn right off East Market Street, *but not necessarily* into Eastland Avenue. This statute, as worded, certainly suggests that the signal of an intention to turn is for the benefit of those using the same highway as the one required to give the signal.

Section 4511.43, Revised Code, provides, in part:

"The operator of a vehicle, intending to enter a through highway, shall yield the right of way to all other vehicles * * * unless otherwise directed by a traffic control signal, or as provided in this section.

"The operator of a vehicle * * * shall stop in obedience to a stop sign at an intersection and shall yield the right of way to all other vehicles * * * not obliged to stop, or as provided in this section."

Section 4511.01 (FF), Revised Code, prior to October 15, 1965, defined "through highway" as "every highway or portion thereof at the entrance to which vehicular traffic from intersecting highways is required by law to stop

before entering or crossing the same except as provided in Section 4511.65 of the Revised Code." And paragraph (SS) of the same section defines "right of way" as "the right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its * * * path."

Under the applicable statutes and court decisions, it is the established law in this state that the driver of a motor vehicle proceeding over a through street or highway in a lawful manner has the absolute right of way over a vehicle on an intersecting stop street, and the former may assume that the latter will respect and observe such right of way. "If however the former [driver of a motor vehicle having the right of way], just as he is approaching or entering the intersection, discovers that the latter is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation."

The leading case in Ohio supporting the rule and from which the above quotation is taken is *Morris* v. *Bloomgren*, 127 Ohio St. 147, 187 N. E. 2, 89 A. L. R. 831.

In the instant case, there is no indication that Mrs. Timmins was not proceeding over East Market Street, the main thoroughfare, in a lawful manner. The speed at which she was driving was apparently moderate, as she intended to make a right turn off East Market Street into the driveway by her residence shortly after passing Eastland Avenue. She activated the right-turn signal lights on her automobile in compliance with Section 4511.39, Revised Code, and when defendant assumed that Mrs. Timmins intended to turn right onto Eastland Avenue, she assumed too much and attempted to enter East Market Street too soon. That Mrs. Timmins had no opportunity to avoid a collision is demonstrated by the fact that defendant suddenly attempted to enter East Market Street and struck the right front of the Timmins' automobile.

The collision occurred because of defendant's unfortunate failure to observe the clear right of way which belonged to Mrs. Timmins and not because of any unlawful conduct on the part of Mrs. Timmins.

From what has been said, we think the judgments of the Municipal Court and of the Court of Appeals were erroneous, and the judgment of the Court of Appeals is, therefore, reversed and the cause is remanded to the Municipal Court, with instructions to render judgment for plaintiffs in such amount as it may be found they are justly entitled to recover.

*Judgment reversed.*

MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.
TAFT, C. J., and HERBERT, J., dissent.

TAFT, C. J., dissenting. I dissent for the reasons stated in the conclusions of law of the trial court. In my opinion, the facts as found by the trier of the facts were sufficient to support a reasonable inference of plaintiff's negligence. In effect, the judgment of this court substitutes its conclusions on factual issues for those of the trier of the facts.

HERBERT, J., concurs in the foregoing dissenting opinion.