**Mrs. Eller GRIMES and James Earl Downs, Appellants,**

**v.**

**Roy F. KULMER, Appellee.**

Court of Appeals of Kentucky.

May 22, 1970.

Thomas B. Givhan, Givhan & Porter, Shepherdsville, for appellants.

Paul Lewis, Hatcher & Lewis, Harold K. Huddleston, Elizabethtown, for appellee.

STEINFELD, Judge.

On October 1, 1967, appellant, Mrs. Eller Grimes, was riding on Highway 62 in a westerly direction about eight miles west of Elizabethtown in Hardin County. Her car was being driven by appellant, James Earl Downs. Driving in the same direction and overtaking the Grimes car was appellee,

Roy F. Kulmer. The two automobiles had ascended a small grade on this two-lane highway, and when the Kulmer car reached the top the driver saw the Grimes car about 200 to 300 feet in front of him. Approximately 50 to 75 feet from the position of the Grimes car, when Kulmer first saw it, was an intersection to the right known as the Long Grove Road and one to the left known as Highway 1372 and the Star Mills Road.

When Kulmer first saw the Grimes car it was slowing down. He said its mechanical directional signal indicated that a *right* turn was about to be made so he put on his brake and cut his speed from 45 to 35 miles per hour and continued in a westerly direction. He admitted that he did not sound his horn.

Mrs. Grimes testified that the *left* turn signal on her car was activated, not the right turn signal, and that when her car attempted to turn to the left to enter Star Mills Road the Kulmer car attempted to pass on her left and it struck her auto when it was in the eastbound lane and in the intersection. The right front fender of the Kulmer car hit the left door and side of the Grimes automobile. Kulmer claims that he was not attempting to pass, that he cut to the left lane to avoid the other auto when it turned unexpectedly left and not right.

Photographs filed in evidence show that there are double yellow lines from a point below the top of the grade to the east to a point opposite the eastern boundary of the intersecting roads. A single yellow line on the south side of the center of Highway 62 runs from a point opposite the western boundary of the Star Mills and Long Grove Roads some distance westwardly on Highway 62. There are no lines in the intersection. Automobiles are prohibited from passing in the area marked by the double yellow lines. KRS 189.340(4).

Kulmer sued Mrs. Grimes and Downs. Counterclaims and third-party claims were asserted, and at trial the jury returned a verdict in favor of Kulmer against Mrs. Grimes and Downs for a total amount of $2,500.00. From a judgment entered on that verdict Mrs. Grimes and Downs appeal. We reverse.

Appellants argue that the proximate cause of the accident was Kulmer's failure to observe KRS 189.340(4), the no passing statute, and KRS 189.340(1), which imposes upon a driver about to pass the duty to sound his horn. They argue that such violations are negligence per se and they were entitled to a directed verdict. They rely upon Hinton v. Dixie Ohio Express Company, 188 F.2d 121 (6 Cir., 1951), Mitchell v. United States, 396 F.2d 650 (6 Cir., 1968), Jewell v. Oglesby, Ky., 402 S.W.2d 439 (1966) and Ross v. Jones, Ky., 316 S.W.2d 845 (1958).

A directed verdict would have been improper because of the testimony that the turn left was made when the directional signal indicated that a right turn was to be made by the Grimes car. KRS 189.380. Cf. Campbell v. Markham, Ky., 426 S.W.2d 431 (1968). The statutory requirement of giving a turn signal is to enable other drivers to adjust their movements accordingly.

Appellants complain that instructions they offered with respect to Kulmer's duty to sound a horn if attempting to pass, and not to pass in that area were improperly rejected. We find no merit in the first assertion but the second complaint is meritorious.

We made it clear in Deason v. Odem, Ky., 453 S.W.2d 598 (decided May 8, 1970), that because of KRS 189.340(1) a vehicle overtaking another must " * * * sound [its] horn or other sound device before passing". Here, however, passing was prohibited, therefore, it was unnecessary to instruct on any other possible violations of duty committed when passing.

KRS 189.340(4) authorizes the establishment of "no passing zones" by appropriate signs or markings and prohibits drivers from disobeying when the signs or markings are clearly visible. The yellow

lines clearly indicated that the area in which the two vehicles had been traveling was a "no passing zone". While Kulmer insists that he was not attempting to pass, the appellants contend that he was. Both theories on that subject should have been submitted. The instruction enumerating Kulmer's duties should have included his duty not to pass or attempt to pass unless in response to a sudden emergency as set forth in the instruction on that theory.

Since we are reversing, we consider it appropriate to frame instructions which we believe should be given if the evidence is substantially the same. The jury should be informed of the usual duties of each driver and then instructed as follows on the emergency theory:

If you believe from the evidence that before the collision, and while the Kulmer car was following the Grimes car, the right turn signal was activated on the Grimes car, and that Kulmer did not intend to pass while the Grimes car was still on the highway, and if you further believe that the Grimes car turned to the left without a proper signal that its driver intended a left turn, and that by reason of such a turn Kulmer, while performing all of the duties imposed upon him by Instruction No. _____, was suddenly and unexpectedly confronted with an emergency and was placed in immediate danger of a collision, either real or reasonably so appearing to him, then Kulmer was not required to adopt the best course possible to avoid the impending danger, but had the right to operate his car in such a manner as a reasonably prudent man would do under similar circumstances considering traffic conditions upon the highway at the time and place; and if you further believe that Kulmer turned to his left by reason of such an emergency and that his actions in so doing were reasonable under the circumstances, then you will find for Kulmer and against Grimes and Downs.

Appellants complain of the admission of certain evidence, that the verdict was ex-

cessive and that the proof of damage did not support the verdict. We deem it unnecessary to pass upon these questions, therefore, we reserve them.

The judgment is reversed for further proceedings consistent herewith.

All concur, except NEIKIRK, J., who did not sit.