Sylvia DOTSON, Appellant,

v.

Madonna Lynn CANTRELL and James Elmer Cantrell, Appellees.

Court of Appeals of Kentucky.

May 29, 1970.

Rehearing Denied Oct. 16, 1970.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

J. K. Wells, Paintsville, for appellees.

REED, Judge.

The plaintiff-appellant, Sylvia Dotson, while driving an automobile, was involved in an intersection collision accident with an automobile operated by the defendant-appellee, Madonna Lynn Cantrell. The plaintiff was proceeding on a favored highway and the defendant entered the intersection from a side street. The plaintiff sued for damages and the defendant counterclaimed. The jury decided that both parties were negligent. From a judgment that dismissed both the plaintiff's claim and the defendant's counterclaim, the plaintiff appeals.

The plaintiff was proceeding north on US 23, on a two or three mile stretch of that highway which constitutes a four-lane bypass around Paintsville. At this location, the highway consists of two northbound lanes and two southbound lanes without a separating median; both east-west avenues and north-south streets intersect the highway at intervals. The last of the intersecting streets is Eighth Street and here the highway is converted from four lanes into three lanes and northwest of the intersection there are two northbound lanes and one southbound lane. As one proceeds in a northerly direction on US 23, Jefferson Avenue intersects the highway to the right 174 feet before the Eighth Avenue intersection which also intersects from the right. Defendant claimed there was a sign located 60 feet south of the Jefferson Street exit which read: "Right Lane Must Turn Right." Plaintiff introduced a witness who testified that he did not see the sign at the time of the accident. The state trooper who investigated the accident could not remember whether the sign was there on the occasion of the accident or not. An arrow indicating a right turn is painted in the center of the lane before the Jefferson Street exit and a second such arrow is also painted in the lane at this intersection; a third right-turn arrow is located in the lane just short of the Eighth Street exit and a fourth such arrow appears in the lane in this intersection. Although there was a dispute in the evidence concerning the location of the sign at the time of the accident, it is clear that the lane in question was for the principal purpose, at least, of effecting right-turn exits from the bypass.

Plaintiff said she intended to turn right at the Eighth Street exit. She activated her right-turn signal before she reached the Jefferson Avenue exit. She was in the right-turn lane and the exit which she intended to use was 174 feet beyond the exit intersection at which the collision occurred. Defendant was stopped on Jefferson Avenue; she wanted to make a right turn onto the main highway. She said that she observed plaintiff, with her right-turn signal activated in the right-turn lane, slow her car down; defendant assumed plaintiff would turn right onto Jefferson Avenue and she thereupon entered the intersection—the cars collided.

The trial court instructed the jury concerning the defendant's duty to yield to the traffic on the through highway that presented an immediate hazard. The jury found the defendant negligent and she does not cross-appeal. Therefore, for purposes of this appeal we must regard defendant's negligence in failing to yield as a proximate cause of the collision.

We are confined to the narrow inquiry of whether the plaintiff could also be regarded as guilty of negligence that was also a proximate cause of the collision and thereby bar her right to recover.

The legal effect of possibly deceptive conduct in the giving of turn signals is still in a shadowy area of decisional development. In Romans v. Duke, 313 Ky. 157, 230 S.W.2d 439, the negligence of the driver on the inferior street was considered. In that case, we held that the driver on an inferior street is not entitled to rely on the signal of the motorist on the through highway that he is making a right turn where

the favored motorist is traveling at such a rate of speed that a right turn could not be effected. The favored motorist is an "immediate hazard" and the disfavored motorist is negligent in entering the intersection under those circumstances. In the Romans case, possible negligence on the part of the driver on the superior highway was not considered.

In 60A C.J.S. Motor Vehicles § 366, at page 657, this rule is declared:

"Where a driver on a favored or through highway signals an intention to make a right turn, a driver on the disfavored roadway, and to the first driver's right, may proceed to cross the favored roadway, since the favored driver has indicated an intention to yield the right of way to cross in front of the other."

The sole authority cited is the Georgia case of Greenlee v. Chastain, 112 Ga.App. 813, 146 S.E.2d 378 (1965). There, a sharply divided intermediate appellate court held that where a driver proceeding in the favored direction activated a right-turn signal as he approached an intersection and indicated to the defendant that he was going to make a right turn, the defendant could properly enter the intersection from a side street and not be regarded as negligent in an ensuing collision. The dissent argued that the favored vehicle was an immediate hazard and, therefore, the disfavored driver had a duty to wait until the favored vehicle, either in crossing the intersection or in making the right turn, had progressed to the point that it did not constitute a hazard.

In Timmins v. Russomano, Ohio, 14 Ohio St.2d 124, 236 N.E.2d 665 (1968), the Ohio Supreme Court, in a divided vote, reversed an intermediate appellate court and held that a motorist proceeding on a through street who intended to turn his vehicle to the right into a private driveway a short distance beyond an intersecting stop street did not forfeit or lose his right-of-way by activating his right-turn signal lights before reaching the intersecting stop street. The

majority said that the disfavored motorist "assumed too much" and entered the intersection too soon. A directed verdict for the plaintiff was ordered. The dissent adopts the view of the lower court that the signal required to be given by the operator of a turning vehicle is not only for the protection of vehicles in the rear of the turning vehicle, but for the protection of all vehicles whose movements may reasonably be affected by the change in direction. 7 Am. Jur.2d, section 217, page 767. See also Grimes et al. v. Kulmer, Ky., 454 S.W.2d 685 (decided May 22, 1970). Therefore, according to the dissent, there were sufficient facts on which an inference could be based that the plaintiff was negligent and such negligence was a proximate cause of the collision.

■■■■ Although plaintiff complains of the wording of the instruction which submitted her duty of reasonable care on the occasion, we do not believe she was prejudiced by its language. The instruction was to the effect that she was driving in a right-turn lane and had the duty not to "induce" traffic on the side street to believe that she was in the process of making a right turn into the side street if she intended to continue through to a later exit. While we do not approve the language, we are persuaded that the instruction under the facts of the case did not mislead the jury. The issue for them to decide was whether plaintiff by her conduct under the total circumstances —i. e., activating the turn signal, slowing her speed, and traveling in the right-turn lane—failed to exercise ordinary care and whether such failure on her part was a proximate cause of the collision. We believe that entirely aside from any issue concerning the defendant's negligence, which is precluded from our consideration, the jury could reasonably infer from the total evidence in this case that plaintiff was negligent and that her negligence was a proximate cause of the harm.

The judgment is affirmed.

All concur.