**William Ray JONES, Plaintiff-Appellant,**

v.

**CONCRETE READY–MIX, INC., and W. C. Allred, Defendants-Appellees,**

**Liberty Mutual Insurance Company, Intervenor.**

**No. 71–3247.**

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1972.

Rehearing and Rehearing En Banc Denied Oct. 12, 1972.

Jacob D. Guice, Thomas J. Wiltz, Rushing & Guice, Biloxi, Miss., for plaintiff-appellant.

George E. Morse, Gulfport, Miss., Scott Tennyson, Tennyson & Britt, Jackson, Miss., White & Morse, Gulfport, Miss., for defendants-appellees.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

GOLDBERG, Circuit Judge:

This diversity case, which arose from a vehicular collision at a highway intersection in Ocean Springs, Mississippi, once again places before us the task of drawing the proper line of demarcation delimiting the role of the jury in civil suits. Although recognizing the standard of Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365, the trial judge felt that plaintiff-appellant had not met his burden and accordingly directed a verdict for defendants-appellees. Our own scrutiny of the record, however, convinces us that appellant did produce the quantum of evidence sufficient to require this case to remain within the realm of the jury, and we reverse.

In this action to recover damages for personal injuries, brought in the United States District Court for the Southern District of Mississippi, the facts were sharply disputed. It seems that the only facts agreed upon are that appellant suddenly drove his vehicle forward from a crossroad onto a divided highway directly into the path of appellees' gravel-laden tractor-trailer truck, and that appellant suffered grievous bodily harm in the ensuing collision with the oncoming truck. Appellant's principal theory of recovery is that he was lured onto the highway by the negligence of appellee Allred, the truck driver, who allegedly gave indications—the foremost of which was a flashing turn indicator light— that he was about to turn right and exit the highway at the intersection. Appellees' version of the tragic events of that day centers on their assertion that Allred gave no indications of an imminent right turn and that appellees' actions were wholly without negligence.

Whether a blinking electric turn indicator light alone will support a recovery in Mississippi is not clear. We have been cited cases in other jurisdictions denying recovery where a blinking turn indicator was the only evidence of an intention to turn [1] and other cases suggesting that recovery could be had where the turn indicator was the only such indication.[2] There is a surprising paucity of reported intersection collision cases treating this precise issue. Indeed, one state court observed generally that "[the] legal effect of possibly deceptive conduct in the giving of turn signals is still in a shadowy area of decisional development." Dotson v. Cantrell, 458 S.W.2d 10 (Ky.Ct.App.1970). How-

---

1. Dotson v. Cantrell, 458 S.W.2d 10 (Ky. Ct.App.1970) ; Romans v. Duke, 313 Ky. 157, 230 S.W.2d 439 (1950) ; Timmins v. Russomano, 14 Ohio St.2d 124, 236 N.E. 2d 665 (1968).

2. See Summers v. Weyer, 226 N.E.2d 904, (Ind.Ct.App.1967) (dictum) ; Greenlee v. Chastain, 112 Ga.App. 813, 146 S.E.2d 378 (1965) (other factors possibly considered).

ever, counsel have directed our attention to a sufficient number of cases to allow us to discern the general status of this area of negligence law.[3]

■ It seems uncontroverted that the controlling substantive law would allow a recovery under certain circumstances against one who entices another driver into an intersection by negligently indicating an intention to turn right and that the Mississippi courts would allow a recovery in an action based upon a flashing turn indicator if there were also other indices of an intention to turn. The learned trial judge reached the same conclusion, and we agree that that is the substantive law governing the case. Because Mississippi is a comparative negligence state, see Miss.Code Ann. § 1454 (1942 Recomp.), whether appellant was contributorily negligent in driving into the intersection is not relevant at this stage of the proceedings.

The procedural posture of this appeal presents a single dispositive issue: Did appellant produce evidence of an intention by Allred to turn right sufficient to allow a jury to find that Allred "enticed" appellant into the intersection? If he did, the directed verdict was improper. The standard to be applied in resolving this issue was clearly stated in Boeing Co. v. Shipman, *supra*:

"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the nonmover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the

motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n. o. v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." 411 F.2d at 374–375.

■ We think it apparent that the existence of Allred's intention to turn right could reasonably be inferred by the jury from some combination of four factors: flashing his turn indicator lights, driving in the right-hand lane, slowing down as he approached the intersection, and actually beginning to turn his vehicle. The trial judge concluded that appellant had produced plenteous evidence regarding a flashing turn indicator, but he thought that appellant had produced no evidence of any other factors. We have combed the record and we cannot agree. Without deciding whether the absence of any one of the above evidentiary factors would alter the outcome of this appeal, we find that appellant did produce evidence of all four factors and that he thus earned the right to have the jury decide the case.[4]

3. In addition to the cases cited in nn. 1 & 2, *supra*, see Wardell v. Jerman, 18 Utah 2d 359, 423 P.2d 485 (1967), and Kleckner v. Great American Indemnity Co., 257 Wis. 574, 44 N.W.2d 560 (1950).

4. *(1) Turn signal:* Appellant William Ray Jones testified unequivocally that the truck's turn indicator was flashing; appellee Walter C. Allred testified that just before the collision he had passed a car,

Additionally, appellant introduced other evidence that circumstantially supports his version of the facts. He testified that he was very familiar with the intersection, that he stopped his vehicle before reaching the highway, that he saw appellees' truck approaching for some distance, that he looked at the truck the whole time, and that the truck was virtually in the intersection before he drove his own vehicle forward. The jury could reasonably find on the basis of the entirety of the testimony that there is no explanation for appellant's conduct other than the existence of grounds for him to believe that the truck was preparing to turn off of the highway.

█ It is not our function to comment upon the weight of appellant's evidence, nor are we in a position to say how we would decide the case were we the jurors. It is for the jury, once competent evidence has been introduced from which the necessary facts can be found, "to weigh conflicting evidence and inferences, and determine the credibility of witnesses." Boeing Co. v. Shipman, 411 F.2d at 375.

The *Boeing* case was meant to end the controversy regarding when the jury may be evicted from a case, but once again we have before us a case of unwarranted jury displacement. Although we are without the use of a computer to afford us a complete statistical survey, we nevertheless suspect that such cases are legion and that their ranks are increasing. *See, e. g.,* Trawick v. Manhattan Life Ins. Co., 5 Cir. 1971, 447 F.2d 1293. In a case such as we have here, where shards of evidence have been produced on opposite sides of almost every issue, jury exile should be almost as rare as a museum piece. Boeing Co. v. Shipman's guidelines are as engrained upon our jurisprudence as Erie R.R. v.

Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Its every precept and inference was not heeded in the trial below, and we must therefore reverse and remand.

Reversed and remanded.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

which could support a jury inference that the turn indicator had inadvertently been left flashing. *(2) Right-hand lane:* Both Allred and Oscar Watkins a passing truck driver, testified that Allred's truck was in the right-hand lane as it approached the intersection. *(3) Deaccel-*

*eration:* Jones testified that the truck had slowed down; Watkins testified three times that the truck deaccelerated. *(4) Beginning to turn:* Jones testified that it was his "best estimation [that the truck] started to turn in."