Sidney BACKER and Mrs. Sidney Backer, Plaintiffs-Appellees-Cross Appellants,

v.

James COURSEY and Southern Stamp and Stencil Company, Defendants-Appellees, Kenneth N. Young, Defendant-Appellant-Cross Appellee.

No. 72-1688.

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1973.

888

Malcolm S. Murray, Murray and Temple, Decatur, Ga., for appellant.

David R. Lewis, Jacksonville, Fla., for Backer.

Hamilton Lokey, Gerald Handley, Atlanta, Ga., for Backer.

Edward W. Killorin, Sewell K. Loggins, Atlanta, Ga., for Coursey and Southern Stamp & Stencil Co.

Before GOLDBERG, AINWORTH and INGRAHAM, Circuit Judges.

PER CURIAM:

This is a diversity case arising out of an automobile accident that occurred in Atlanta, Georgia, on September 11, 1969. After all the evidence had been received, the trial judge granted the motions for directed verdicts filed by plaintiffs and two of the defendants. The case was submitted to the jury only on the issue of damages, for which the remaining defendant was held solely liable. Testing the granting of those motions against the standards of Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365, we find that the entire case should have gone to the jury, and we therefore reverse and remand for a new trial.

The task of "drawing the proper line of demarcation delimiting the role of the jury in civil suits" is one that is not infrequently before us. See, e. g., Jones v. Concrete Ready-Mix, Inc., 5 Cir. 1972, 464 F.2d 1323; Trawick v. Manhattan Life Ins. Co., 5 Cir. 1971, 447 F.2d 1293. The standard for reviewing cases in which the jury has been displaced is clear:

"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case —but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach differing conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n. o. v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses."

Boeing Co. v. Shipman, 5 Cir. 1972, 411 F.2d at 374–375.

Notwithstanding the mandate of Boeing Co. v. Shipman, which was "meant to end the controversy regarding when the jury may be evicted from a

case," Jones v. Concrete Ready-Mix, Inc., *supra*, 464 F.2d at 1326, the motions below were granted. We have studied the record of the evidence adduced, and we think it clear that the one thing about this case that is indisputable is that there are disputed facts. When the factual dispute rises above the level of "a mere scintilla" and satisfies the other criteria of Boeing Co. v. Shipman, the jury, not the judge, is assigned the role of resolving the disagreement. We once again conclude that we have before us a case of unwarranted jury displacement.

The parties basically agree that the collision in question occurred in the following manner: Between 11:00 a. m. and noon on a clear autumn day, Sidney Backer was driving through downtown Atlanta in the second lane from the right on Harris Street. Proceeding in the same direction and in the same lane was Kenneth N. Young, who was driving a car registered in the name of the Great Atlantic Corporation. James Coursey, an employee of Southern Stamp and Stencil Company, was making deliveries for the company and was pedalling its bicycle down the extreme right-hand lane of Harris Street. Harris Street is on an incline near the site of the collision, and Coursey at least partially lost control of the bicycle. Coursey collided with a truck that had slowed in front of him and he either veered to some extent or fell into the lane immediate-to his left, which was the lane Backer and Young were utilizing. Backer applied his brakes and Young's car collided with the rear-end of his car. Backer was injured and the car Young was driving was damaged. Essentially all of the other facts are disputed, particularly those relating to causation.

Backer subsequently filed the instant action against Young, Coursey, and Southern Stamp and Stencil[1] for the personal injuries he suffered in the collision.[2] Young cross-claimed against Coursey and Southern Stamp and Stencil for property damage to the car he was driving.[3] At the close of all the evidence, the trial court granted Backer's motion for a directed verdict finding Young liable and granted Coursey's and Southern's motions for a directed verdict finding them not liable to either Backer or Young. The case went to the jury with Young as the sole defendant and with only the matter of damages to determine. The jury returned a finding that total damages were $75,000.[4]

The parties do not dispute that if certain factual circumstances, additional to those undisputed facts set out in this opinion, *supra*, were found to exist, the controlling Georgia law *could* allow Young to be (1) held only *jointly* liable with the other defendants, or (2) totally exonerated from liability. Thus, the dispositive issue before us is whether the record contains sufficient "substantial evidence" from which the jury could, under Boeing Co. v. Shipman, make those findings in support of Young's position.[5]

We have combed and studied the instant record, and we find that Young was entitled to have the entire case submitted to the jury. The principal factual conclusions that he seeks to have found are that either or both Coursey and Backer were negligent and the prox-

1. The company admitted that Coursey was its agent, servant, and employee and was operating its bicycle within the scope of his agency and employment at the time of the accident.

2. Mrs. Backer joined her husband as a plaintiff in the principal action, suing for loss of consortium.

3. There is apparently still some dispute regarding whether Young was a proper party to sue for the damage to the car. Because we remand the entire case, the trial court will have an opportunity to resolve the issue and we pretermit any discussion of the point.

4. The jury found for Mr. Backer in the amount of $65,000 and for Mrs. Backer in the amount of $10,000. *See* note 2 *supra*.

5. Contingent upon our reversing their recovery against Young, the Backers join in urging that the *entire* case be remanded.

imate cause of the collision and that Young was neither negligent nor a proximate cause. Reciting here the evidence that would support such findings would serve little purpose. We deem it sufficient to reproduce in a footnote but a few examples—which are not intended to be exclusive of all others—of the underlying factual questions regarding which *testimony* favorable to Young's position was adduced,[6] and to reiterate the need to heed every syllable, precept, and implication of Boeing Co. v. Shipman. The jury is sacred to Anglo-Saxon and American jurisprudence, and we are as watchmen in the night to see that it is not profaned.

Reversed and remanded.

6. We think that reasonable men could find from the direct testimony that the following primary facts existed and that these facts support the factual conclusions Young seeks: Coursey was speeding; Coursey had moments before illegally "hitched a ride" by holding onto the truck; Coursey totally lost control of the bicycle; Coursey fell to the ground in Backer's lane, but Backer could have avoided hitting him without stopping his car as quickly as he did; there was no clear lane into which either Backer or Young could veer to avoid the collision; Backer failed to signal properly that he was stopping. Although the evidence would by no means *compel* the jury to find that the facts existed as Young says they did, the jury should have been the arbiters of the factual issues.