360 So.2d 1226 (1978)
Mrs. Betty TRAINER
v.
Johnnie L. GIBSON, Jr. and Central Paper Company, Inc.
No. 50299.
Supreme Court of Mississippi.
July 12, 1978.
Rehearing Denied August 9, 1978.
*1227 Robertshaw & Merideth, H.L. Merideth, Jr., Greenville, for appellant.
Lake, Tindall, Hunger & Thackston, E. Spivey Gault, Greenville, for appellees.
Before PATTERSON, WALKER and COFER, JJ.
WALKER, Justice, for the Court:
This is an automobile personal injury case. Betty Trainer brought a negligence suit against Johnnie L. Gibson, Jr. and Central Paper Company, Inc. in the Circuit Court of Washington County, Mississippi. Upon trial, the jury returned an award of damages for the plaintiff, Betty Trainer, against both defendants in the amount of $10,000. The plaintiff appeals from that decision, assigning three errors, all concerned with instructions.
The issues presented on appeal are:
(1) Was it error to grant a contributory negligence instruction to the defendant Gibson based upon the facts of this case;
(2) Was the contributory negligence instruction defective for failure to specify the facts constituting the alleged contributory negligence; and
(3) Did the court err by failing to grant a peremptory instruction that defendant Gibson was guilty of negligence.
The jury in its verdict found both plaintiff and defendants guilty of negligence but went on to award plaintiff $10,000 in damages. Based upon that verdict, the facts as accepted by the jury were:
Gibson driving a truck in a northerly direction, stopped at a red light with a green right turn arrow. Trainer, meanwhile was approaching the same intersection from the west, headed in an easterly direction. Trainer had a green light, however, she also had her right turn signal on and slowed down somewhat as she approached the intersection. Gibson, allegedly thinking she was going to turn right, proceeded to turn to his right and when Trainer did not turn right but continued on through the intersection, a collision occurred.

I.
Appellant contends that it was reversible error to grant a contributory negligence instruction without defining what facts could constitute contributory negligence or without referring to any other instruction which defined the alleged contributory negligence.
The instruction reads:
The Court instructs the jury that if you find from a preponderance of the evidence that Johnnie L. Gibson, Jr., was guilty of negligence which contributed to the accident and the plaintiff's injuries, if any, but you also find from a preponderance of the evidence that Mrs. Trainer *1228 was, herself, guilty of negligence which contributed to the accident and her injuries, if any, then you must reduce the damages which you would otherwise award to the plaintiff in such proportion as her negligence, if any, bears to the entire negligence involved.
We have stated on several occasions that an instruction charging negligence or contributory negligence must define those acts which would constitute such. Jones v. Craft, 218 So.2d 727 (Miss. 1969); Rayborn v. Freeman, 209 So.2d 193 (Miss. 1968); Gore v. Patrick, 246 Miss. 715, 150 So.2d 169 (1963).
We have also held that even though failure to do so is error, it is harmless error where another instruction correctly informs the jury what facts constitute negligence. Gore v. Patrick, supra.
Thus, if another instruction correctly defines negligence, the error would not ordinarily be reversible.

II.
Appellant contends that the contributory negligence instruction was defective for failure to specify the facts constituting the alleged contributory negligence. In the present case, the only instruction which makes any attempt to define contributory negligence is Instruction D-4, which is attacked by appellant on the grounds that it improperly defines the law with regard to negligence in failing to turn when giving a signal to do so. The instruction reads, in part, as follows:
... if you find from a preponderance of the evidence that as Mrs. Trainer approached this intersection in this case she was signaling for a right turn, and in violation of that signal, she proceeded straight through the intersection, then Mrs. Trainer was negligent. If you further find from a preponderance of the evidence that Mrs. Trainer's negligence if any was the sole proximate cause of the accident, then your verdict must be for the defendants, Johnnie L. Gibson, Jr., and Central Paper Company.
Appellant first contends the failure to turn after having given a signal to do so is simply not negligence and therefore cannot be the basis for an instruction on contributory negligence. We disagree, however, we do agree that the instruction as given improperly sets out the law with regard to when such action may constitute negligence.
Some jurisdictions have held that giving a turn signal and failing to turn cannot be called negligence as a matter of law. Romans v. Duke, 313 Ky. 157, 230 S.W.2d 439 (1950); Timmins v. Russomano, 14 Ohio St.2d 124, 236 N.E.2d 665 (1968). We note, however, that neither jurisdiction is a comparative negligence state and as Dean Prosser has so aptly pointed out, courts in which a finding of contributory negligence is a bar to recovery have been reluctant to hold that a plaintiff's conduct is contributory negligence as a matter of law. Prosser, Law of Torts § 67, p. 433 (4th ed. 1971). Mississippi is, however, a comparative negligence state and the jury is entitled to consider the degree of negligence of both parties in assessing damages. We therefore hold that the jury in this case would have been warranted in finding Trainer contributorily negligent in failing to turn after having given a signal to do so upon first finding certain facts to have been present.
This situation was considered by the United States Court of Appeals in Jones v. Concrete Ready-Mix, Inc., 464 F.2d 1323 (5th Cir.1972). That court in a well-reasoned opinion construing what the law in Mississippi would be were the issue presented, held that failure to turn may be negligence if there were presented a jury issue on four factors, e.g.:
Where the party on the favored highway who failed to turn,
(1) Was flashing his turn indicator lights;
(2) Was driving in the right hand lane;
(3) Was slowing down as he approached the intersection; and
(4) Was actually beginning to turn his vehicle. (464 F.2d at 1325).
We agree with this interpretation with slight modifications.
*1229 In such a situation, negligence may be shown if a jury finds the party on the favored highway failed to turn, and:
(1) Was flashing his turn indicator lights;
(2) Was driving in the right hand lane; and
(3) Was slowing down to such an extent as to cause someone in the less preferred highway to reasonably believe a turn was being made; or had actually begun to turn the vehicle and then failed to complete the turn whether he had slowed his vehicle or not.
Since the instruction complained of failed to accurately state those facts that the jury must find in order to constitute negligence, the case must be reversed and remanded for a new trial.

III.
The appellant contends that the court erred by failing to grant a peremptory instruction that defendant Gibson was guilty of negligence. Although not reversible error, since there was ultimately a verdict for plaintiff, for purposes of retrial we hold that the plaintiff should have been granted a peremptory instruction on the issue of liability. Mississippi Code Annotated section 63-3-309(4)(a) (1972) requires that where there is a traffic light which is red with a green turn arrow, as was the case here, "Vehicular traffic facing such signal may cautiously enter the intersection only to make movement indicated by such arrow but shall not interfere with other traffic... ."
The defendant Johnnie Lee Gibson, Jr., testified that he stopped at the light and that he saw Trainer's car approaching the intersection approximately one-half block away. He further stated her right turn signal was on and that she appeared to be slowing down. Based upon those facts, he assumed Trainer was going to turn right at the intersection and therefore pulled out in front of her without again looking in her direction to determine her movement.
Since section 63-3-309(4)(a) (1972) requires that the entrance be cautious and since it further requires that the entrance shall not interfere with other traffic, and since Trainer was clearly on the preferred highway with a green light, we hold that Gibson was not justified in relying on Trainer's turn signal and was negligent as a matter of law under the circumstances in not continuing to look for the hazard of Trainer's approaching automobile. See Buford v. Horne, 300 So.2d 913 (Miss. 1974). Trainer may have been guilty of contributory negligence, but such contributory negligence, if any, would only diminish the amount of damages to be awarded her. To hold otherwise might encourage misplaced reliance on turn signals in dangerous situations.
The judgment of the circuit court is affirmed on the question of liability of Johnnie L. Gibson, Jr. and Central Paper Company, Inc., but remanded for a new trial on the question of contributory negligence of Mrs. Trainer, if any, and her damages.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.