GUIDRY, Judge.
Defendants, National Fire and Marine Insurance Company and Jordan Ambulance Service, Inc., suspensively appeal the judgment of the trial court granting a judgment NOV raising plaintiffs total damages from the jury’s award of $4,402.50 to $17,500.00 and granting plaintiff a new trial on the issue of damages in the event that the JNOV should be vacated or reversed on appeal.
We reverse the judgment notwithstanding the verdict; reinstate the original jury award; and, reverse the granting of the alternative motion for a new trial.
At approximately 2:15 p.m., December 12, 1986, plaintiff, Dorothy Brossette, was a guest passenger in a vehicle northbound on Louisiana Highway One in Natchitoches Parish. The automobile in which Ms. Bros-sette was riding was struck from the rear by a Chevrolet Suburban owned by Jordan Ambulance Service, Inc. (hereafter Jordan) and driven by Issac W. Best, Jr., a Jordan employee. The Jordan vehicle was insured by National Fire and Marine Insurance Company (hereafter National). Liability was admitted at trial. The only question before the jury was the issue of damages.
As a result of the collision, Ms. Brossette claimed she suffered injuries to her neck and back. Immediately after the accident, plaintiff waited with Mrs. Marjorie Edwards, the driver of the automobile, for a wrecker. She then rode with Mrs. Edwards in the tow truck to the repair shop where they waited for Mr. Edwards. According to plaintiff, Mr. Edwards took them to the hospital because “... we really didn’t know, you know, if we were hurt or not”.
At Natchitoches Parish Hospital, Ms. Brossette was seen by Dr. H. Hersey. The hospital records reveal that plaintiff complained of pain in the cervical area. X-rays revealed no fracture or other injury. Muscle relaxants and a Thomas collar were prescribed. Ms. Brossette refused the Thomas collar. Dr. Hersey released plaintiff within 55 minutes with the advice that she consult her family physician if she had any further problems.
On December 22, 1986, Ms. Brossette saw Dr. Roy A. Cook, her family physician, who referred her to an orthopedic surgeon, Dr. John Sandifer. Dr. Sandifer first saw plaintiff on December 23, 1986. At that time, her chief complaint was neck and head pain. Upon examination, Dr. Sandifer *1020 found some restriction of motion in the neck and some tenderness in the cervical region. Dr. Sandifer found plaintiffs neurological examination to be normal. He also examined the previously taken x-rays and found them to be normal. Dr. Sandifer opined that Ms. Brossette had sustained a whiplash injury. He prescribed an unspecified anti-inflammatory drug for her pain.
Plaintiff returned to see Dr. Sandifer on March 27, 1987. At that time, Dr. Sandifer felt that Ms. Brossette had not completely recovered from the accident. However, because she only complained of intermittent pain, he felt that Ms. Brossette was recuperating nicely. He prescribed aspirin for any continuing pain.
Ms. Brossette next consulted Dr. Albert Dean, another orthopedic surgeon, on May 11, 1987. At that time, she still complained of pain in the cervical region. She related that her pain would come and go and that it was relieved by aspirin. On examination, Ms. Brossette complained of tenderness in her right cervical muscle extending into her right trapezius muscle. However, she evidenced no limitation of movement, no spasms, no motor weakness, no sensory changes in her upper extremities, and had equal reflexes. Her x-rays showed “some generalized degenerative changes throughout the cervical area and some minimal degenerative disc disease”.
Dr. Dean was of the opinion that plaintiff had mild degenerative disc disease and a previous cervical sprain. He stated in deposition that Ms. Brossette “... would continue to improve and, of course, will have some various aches or pains in her neck at times due to the degenerative disc disease”. He further stated that he “... would not expect any permanent disability due to her previous cervical sprain”. Dr. Dean saw Ms. Brossette only once.
Finally, Ms. Brossette returned to see Dr. Sandifer on June 6, 1988, approximately one month prior to trial. At that time, she complained of occasional neck pain and stated that from time to time she would experience some pain in her right arm. Dr. Sandifer reviewed the x-rays taken by Dr. Dean and agreed that Ms. Brossette “... appeared to have some degenerative disc problem[s], [to] which you could attribute her symptoms”. On cross-examination, Dr. Sandifer confirmed that he had treated the plaintiff for degenerative disc disease in her lumbar spine in April of 1984. However, he also stated, that it was reasonable to assume that, if her neck had not bothered her before the accident but she had pain and discomfort afterwards, the accident precipitated her pain.
At trial, Ms. Brossette first testified that she had no problems with her neck before the accident. On cross-examination, however, she admitted that before the accident, she occasionally had neck pains, including waking with a stiff neck.
The jury awarded Ms. Brossette $3,500.00 for physical pain and suffering, $500.00 for mental pain and suffering and $402.50 for medical expenses for a total of $4,402.50. The trial judge granted plaintiffs motion for a judgment non obstante veredicto and raised the total award to $17,500.00.
In Scott v. Hospital Service District No. 1 of the Parish of St. Charles, 496 So.2d 270 (La.1986), the Louisiana Supreme Court set out the standard to be used in the consideration of a judgment notwithstanding the verdict:
“When there is a jury, the jury is the trier of fact. LSA-C.C.P. art. 1736.
The rules governing a motion for judgment notwithstanding the verdict are found in LSA-C.C.P. art. 1811. The article does not specify the grounds on which the trial judge may set aside a jury verdict. The Official Revision Comments state that “... a judgment N.O.V. is based on a different standard [from addi-tur and remittitur] — namely, that based on the evidence there is no genuine issue of fact. Thus where the trial court is convinced that, under the evidence, reasonable minds could not differ as to the amount of damages [or as to liability], it should have the authority to grant the appropriate judgment notwithstanding the verdict.”
Because this article was based on a federal rule, the decisions of the federal *1021 courts can be used for guidance. Madison v. Travelers Insurance Company, 308 So.2d 784 (La., 1975); State v. Bradford, 367 So.2d 745 (La., 1978); Parish National Bank v. Lane, 397 So.2d 1282 (La., 1981). Boeing v. Shipman, 411 F.2d 365 (5th Cir.1969), decided by an en bane court, set out the criteria to be followed on motions for directed verdict and motions for judgment notwithstanding the verdict in the federal courts. When “the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied ...” 411 F.2d at 374. Also see Backer v. Coursey, 472 F.2d 887, 888 (5th Cir. 1973); Melancon v. Western Auto Supply Co., 628 F.2d 395, 397 (5th Cir.1980); and Dalton v. Toyota Motor Sales, Inc., 703 F.2d 137, 140 (5th Cir.1983).
Various Louisiana courts of appeal have treated the subject of judgment notwithstanding the verdict. Robertson v. Penn, 472 So.2d 927 (La.App. 1 Cir.1985) applied the correct standard for judgment N.O.V. which requires that the motion be granted “... only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover,” A judgment N.O.V. was affirmed in Blum v. New Orleans Public Service, Inc., 469 So.2d 1117 (La.App. 4 Cir., 1985) where “[t]he facts and inferences from the evidence strongly and overwhelmingly point to a conclusion....” Also see Roberts v. St. Bernard Parish School Board, 427 So.2d 676 (La.App. 4 Cir., 1983) where the motion should not have been granted and Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (La.App. 5 Cir., 1984) in which the court concluded “... neither party enjoyed a strong or overwhelming position as to the facts which would justify the granting of such motion.”
In Breithaupt v. Sellers, 390 So.2d 870 (La., 1980), a “motion for directed verdict would have been appropriate only if reasonable men could not have disagreed on the issue of plaintiff's contributory negligence. Whether this plaintiffs conduct contributed to his injury is a factual issue that should have been presented to the jury.”
(Footnotes omitted).
The proper standard for us to use in reviewing the trial court’s judgment NOV is that of “manifest error”. Jinks v. Wright, 520 So.2d 792 (La.App. 3rd Cir.1987).
In the case at bar, we conclude that the trial judge was clearly wrong in granting a judgment NOV. The evidence is not so overwhelming in favor of the plaintiff that reasonable men could not reach different conclusions. Ms. Brossette incurred only $400.00 in medical expenses, approximately one-half of which were for x-rays. She was never hospitalized nor did she require any physical therapy. She missed no work and for the most part relied on aspirin for pain. There is serious question as to whether her continued complaints of pain are causally related to the accident or have their origin in her degenerative disc disease. As the evidence is susceptible of different interpretations, it is clear that reasonable men could differ on a reasonable quantum award. Accordingly, we will reverse the judgment NOV and reinstate the jury’s award of damages ($4,402.50).
The trial judge also granted plaintiff’s alternative motion for a new trial in the event this court reversed the judgment NOV on appeal. This likewise was clear error. Plaintiff, in her motion for a new trial, alleged the jury verdict was contrary to the law and evidence.
It is well settled that a trier of fact has much discretion in the award of damages and that a jury’s determination of the amount of damages will not be disturbed unless the trier of fact clearly abused its *1022 much discretion in making the award. La. C.C. art. 1999; Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Reck v. Stevens, 373 So.2d 498 (La.1979).
Our examination of the record convinces us that the evidence does not support a finding that the jury’s verdict was clearly contrary to the law and the evidence. While another jury may have returned a different award, the award in the present case is not so low as to be considered contrary to the evidence.
Accordingly, for the reasons stated above, the judgment of the trial court granting a judgment notwithstanding the verdict and alternatively a new trial is reversed and the jury verdict as to damages is reinstated. Costs of this appeal are assessed against plaintiff-appellee
REVERSED AND RENDERED.