DECISION AND JUDGMENT ENTRY
This is an appeal from a Lawrence County Common Pleas Court summary judgment in favor of James L. Smith, defendant below and appellee herein.
Dorothy Earles and Freda Martin, plaintiffs below and appellants herein, raise the following assignment of error for review:
 "THE TRIAL COURT ERRONEOUSLY GRANTED APPELLEE SUMMARY JUDGMENT WHICH ELIMINATED APPELLANT'S [SIC] ABILITY TO ARGUE COMPARATIVE FAULT AVAILABLE PURSUANT TO R.C. 2315.19 AND OHIO COMMON LAW."
Our review of the record reveals the following relevant facts. On September 9, 1997, at approximately 4:30 p.m., Earles was driving her vehicle northbound on State Route 7. Martin (Earles' mother), Earles' daughter, and Earles' granddaughter were passengers in the vehicle. Earles intended to shop at the Kroger store on the east side of State Route 7.
Next to the Kroger store a McDonald's restaurant sits to the south. Until one passes the McDonald's restaurant, northbound State Route 7 consists of two lanes: one lane for traffic turning left and one lane for through traffic. Shortly after one passes the McDonald's restaurant, a third lane emerges for traffic turning right into the Kroger store.[1]
As Earles approached her destination, traffic became congested. The traffic in the through lane was backed up past the McDonald's restaurant, waiting for a red light. Instead of waiting for the traffic to proceed in the through lane, Earles maneuvered her vehicle over to the side of the road, crossing the white edge line and traveling on the berm.
Meanwhile, appellee had been traveling southbound on State Route 7. Appellee intended to turn left into the McDonald's restaurant's driveway. Appellee stopped his vehicle at the point across from the McDonald's restaurant and activated his left turn signal. A car in the northbound lane of stopped traffic noticed appellee's left turn signal and left space for appellee to cross. No vehicles were backed up in the northbound left turn only lane. Appellee edged his vehicle across the opposite lanes of travel and was proceeding to the McDonald's driveway when his vehicle and Earles' vehicle collided.
On July 25, 1998, appellants filed a complaint against appellee. In their complaint, appellants alleged that appellee negligently operated his motor vehicle and crashed into appellants' vehicle.
Appellee filed an answer denying liability. Appellee also asserted a counterclaim for contribution against Earles. Appellee alleged that if he were found liable for Martin's injuries, then he would be entitled to contribution from Earles.
On August 13, 1999, appellee filed a motion for summary judgment. Appellee argued that appellants' negligence was the sole proximate cause of the accident and that their recovery, therefore, was barred. On September 30, 1999, the trial court granted appellee's motion for summary judgment. Appellant filed a timely notice of appeal.
In their sole assignment of error, appellants contend that the trial court erred by granting appellee's motion for summary judgment. Appellants assert that the trial court should have permitted a jury to consider whether comparative fault principles applied.
Initially, we note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd.of Commrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153,1157; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 N.E.2d 786, 788. Thus, in determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164, 1171.
Pursuant to Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Vahila, supra; Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134,147, 677 N.E.2d 308, 318; Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); Dresher, supra.
 "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment."
Pennsylvania Lumbermans Ins. Corp. v. Landmark Elec., Inc.
(1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65, 72-73. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); Dresher, supra.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher, supra; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52,567 N.E.2d 1027, 1031.
In the case at bar, we agree with the trial court's conclusion that no genuine issues of material fact remain for resolution at trial. The trial court properly determined that appellee was not negligent and that appellants' negligence was the sole proximate cause of the accident.
First, we note that appellants do not contest whether Earles' negligently operated her motor vehicle. Appellants readily acknowledge that Earles violated R.C. 4511.28. Appellants contend, however, that appellee negligently operated his motor vehicle by failing to comply with R.C. 4511.42 and that comparative negligence principles should apply.
R.C. 4511.28 provides the rules for passing upon the right. The statute provides:
 (A) The driver of a vehicle * * * may overtake and pass upon the right of another vehicle or trackless trolley only under the following conditions:
 (1) When the vehicle * * overtaken is making or about to make a left turn;
 (2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicle moving lawfully in the direction being traveled by the overtaking vehicle.
 (B) The driver of a vehicle * * * may overtake and pass another vehicle or trackless trolley only under conditions permitting such movement in safety. The movement shall not be made by driving off the roadway.
Earles, by driving her vehicle off of the roadway and onto the berm,[2] indisputably violated R.C. 4511.28.
R.C. 4511.42 governs the right of way when turning left and provides as follows:
 The operator of a vehicle, streetcar, or trackless trolley intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle, streetcar, or trackless trolley approaching from the opposite direction, whenever the approaching vehicle, streetcar, or trackless trolley is within the intersection or so close to the intersection, alley, private road, or driveway as to constitute an immediate hazard.
Appellee acknowledges that he possessed a general duty to exercise care while driving. Appellee asserts, however, that because Earles operated her vehicle in an unlawful manner by failing to comply with R.C. 4511.28, Earles lost her preferential status as the vehicle with the right of way.
In Timmons v. Russomano (1968), 14 Ohio St.2d 124,236 N.E.2d 665, paragraph one of the syllabus, the court set forth the general rule regarding the right of way:
 "Under Ohio law, the driver of a motor vehicle proceeding over a through street in a lawful manner has the absolute right of way over a vehicle on an intersecting stop street, and the driver on the through street may ordinarily assume that such right of way will be respected and observed by the driver of the vehicle on the intersecting stop street."
See, also, Parton v. Weilnau (1959), 169 Ohio St. 145, 156,158 N.E.2d 719, 727. When a vehicle is not proceeding in a lawful manner, however, the driver of the vehicle loses the right of way.[3] See Morris v. Bloomgren (1933), 127 Ohio St. 147,187 N.E. 2, paragraph three of the syllabus (stating that when a vehicle "`is not proceeding in a lawful manner in approaching or crossing the intersection * * * such vehicle loses its preferential status'"). "[T]he law gives to the operator of a vehicle on the highway who has the right of way a shield, an absolute right to proceed uninterruptedly, but he forfeits the shield if he fails to proceed in a lawful manner." Vavrina v.Greczanik (1974), 40 Ohio App.2d 129, 135 (citing Beers v. Wills
(1962), 172 Ohio St. 569, 571).
In Joseph v. Pipino (May 24, 1996), Trumbull App. Nos. 95-T-5249 and 95-T-5273, unreported, the court noted:
 [W]hile motorists have a duty to look out for the other motorists, Hubner v. Sigall (1988), 47 Ohio App.3d 15, 17, 546 N.E.2d 1337, motorists "may rightfully assume the observance of the law and the exercise of ordinary care by others, and action by him in accordance with such assumption in the absence of notice or knowledge to the contrary is not negligence. Swoboda v. Brown (1935), 129 Ohio St. 512, 196 N.E. 274, paragraph eight of the syllabus."
In Joseph, the plaintiff sued the defendant for damages arising out of a motor vehicle collision. The plaintiff alleged that the defendant, who was in the process of turning left at an intersection, failed to yield the right of way to the plaintiff, who was proceeding straight through the intersection. The defendant claimed that as she turned left onto the intersecting roadway, the plaintiff drove off the right side of the roadway and onto the berm in order to pass the car in front of him that was waiting to turn left. The plaintiff, however, denied that he drove his vehicle off the roadway. Thus, the defendant asserted that because the plaintiff was proceeding in an unlawful manner by driving off the roadway, the plaintiff did not possess the right of way. The jury found in the defendant's favor. On appeal, the court upheld the jury's verdict. Noting that the jury determined that the plaintiff drove his vehicle off the roadway, the court concluded that the plaintiff was negligent perse. See, also, Weisbarth v. Smeal (July 22, 1993), Cuyahoga App. No. 63347, unreported; Rutherford v. Lister (Mar. 28, 1983), Lawrence App. No. 1580, unreported.
Like the court in Joseph, we also believe that Earles' forfeited the right of way when she operated her vehicle in an unlawful manner. Appellee, while possessing a duty under R.C.4511.42 to yield the right of way to oncoming traffic, rightfully assumed that Earles would obey the traffic laws. Once Earles unlawfully operated her motor vehicle, her preferential status as the driver with the right of way vanished. Additionally, the evidence reveals that appellee had no notice or knowledge of the position of appellants' vehicle prior to the accident and that appellee fulfilled his duty to exercise ordinary care under the circumstances. No evidence exists that appellee saw appellants' vehicle approaching and failed to take reasonable steps to avoid the collision.
Consequently, we agree with the trial court's decision not to submit the case to the jury for determination of comparative negligence.[4] Appellee complied with his duties under the motor vehicle laws and was not negligent. Earles' negligence in driving off of the roadway was the sole proximate cause of the accident and appellants have no right of recovery against appellee.
Accordingly, based upon the foregoing reasons, we overrule appellants' assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
GREY*, J.: Concurs in Judgment Opinion EVANS, J.: Dissents with Dissenting Opinion.
 BY:______________________ PETER B. ABELE, Judge
* LAWRENCE GREY, retired, sitting by assignment of the Ohio Supreme Court in the Fourth District.
[1] We note that appellants' appellate brief asserts that northbound State Route 7 consists of three lanes before the McDonald's restaurant. At her deposition, however, Earles admitted that State Route 7 consists of only two lanes prior to the McDonald's restaurant.
[2] The roadway does not include the berm. See R.C.4511.01(EE) ("`Roadway' means that portion of a highway improved, designed, or ordinarily used for vehicular travel, except the berm or shoulder. * * *.").
[3] R.C. 4511.01(UU)(1) defines "right-of-way" as follows:
 "`Right-of-way' means * * * (1) The right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its * * path."
[4] Contrary to the statements included in the dissenting opinion, the majority opinion has not, in our view, "incorrectly applied a contributory negligence standard rather than the current comparative negligence standard to the fact of this case." First, we note that the majority opinion does, in fact, mention the comparative negligence doctrine. It is our belief, however, that the instant case does not raise a valid comparative negligence issue.
In the case sub judice, the trial court concluded that appellee was not negligent and that appellant's negligence was the sole proximate cause of the collision. The majority of this court agrees with the trial court's conclusion and affirms the trial court's judgment.
The dissenting opinion asserts that "the majority has incorrectly applied a contributory negligence standard rather than the current comparative negligence standard to the facts of this case." We disagree with that proposition.
We fully recognize that the principles of comparative negligence have superseded the contributory negligence doctrine as an absolute bar to recovery. See R.C. 2315.19. The advent of comparative negligence does not, however, preclude an award of summary judgment in all cases. See Mitchell v. Ross (1984),14 Ohio App.3d 75, 470 N.E.2d 245; Pupero v. Asamoto (Jan. 22, 1995), Cuyahoga App. No. 67917, unreported. In fact, summary judgment may properly be granted in a defendant's favor in summary judgment cases when, pursuant to Civ.R. 56, a court can make any one of the following determinations as a matter of law: (1) the defendant was not negligent; (2) the defendant's negligence, if any, was not the proximate cause of the plaintiff's injury (i.e. plaintiff's own negligence was the sole proximate cause of the injury); or (3) the plaintiff's own negligence outweighed any negligence of the defendant under R.C.2315.19. See Gross v. Werling (Sept. 30, 1999), Auglaize App. No. 2-99-06, unreported. Thus, the comparative negligence statute is not applicable in cases in which a court can declare that the defendant was not negligent as a matter of law. SeeAdams v. Graves (Oct. 23, 1990), Pickaway App. No. 89CA35, unreported.
We further recognize that weighing the respective negligence of a plaintiff and a defendant is a difficult task and should generally be within the province of a jury. However, if a defendant is not negligent or if the plaintiff's negligence clearly outweighs any negligence of the defendant (i.e. the situation we have here before us in the case sub judice), the granting of a summary judgment is entirely appropriate.