BOWE, APPELLANT, *v.*
JENKINS, APPELLEE.

(No. 475—Decided December 30, 1982.)

*Mr. James D. Hapner,* for appellant Glenn B. Bowe.

*Mr. John R. Wykoff,* for appellee Emily L. Jenkins.

HENDRICKSON, P.J. On April 11, 1980, the plaintiff's wife was operating plaintiff's motor vehicle in an easterly direction on Washington Street in Sabina, Ohio, when she signaled to turn left into the northbound lane of Howard Street. A vehicle which was operated by the defendant approached the same intersection in the westbound lane. The defendant also activated her left turn signal as she approached the intersection, indicating that she intended to turn into the southbound lane of Howard Street. Since the plaintiff's wife was closer to the intersection, she commenced her turn, at which time there was a collision of the two vehicles.

An action for damages to the plaintiff's vehicle was commenced in the Wilmington Municipal Court and the case was set for trial. A jury was empaneled and the plaintiff presented his evidence. The evidence included a statement made by the defendant to the police officer who investigated the accident. This statement was to the effect that the defendant changed her mind when she reached the intersection and decided to go straight instead of turning left.

At the close of the plaintiff's evidence, the defendant made a motion to dismiss, which was sustained by the trial court on the basis that the evidence failed to show that the defendant violated any statutory duty, or had failed to use ordinary care. This appeal is from that decision and the plaintiff assigns as error the granting of the defendant's motion for dismissal at the close of his case.

The plaintiff contends that it is a jury question as to whether a driver may rely upon a turn signal made by the driver of an oncoming vehicle which indicates that the driver of the oncoming vehicle intends to turn before she reaches the first car. The plaintiff also contends that if the driver of the oncoming vehicle should have foreseen that the driver of the first vehicle would rely upon her signal, then the driver of the oncoming vehicle was negligent in proceeding straight ahead and not turning. We do not agree.

R.C. 4511.42 reads as follows:

"The operator of a vehicle, streetcar, or trackless trolley intending to turn to the left within an intersection or into an alley, private road, or driveway *shall yield the right of way to any vehicle, streetcar, or trackless trolley approaching from the opposite direction,* whenever the approaching vehicle, streetcar, or trackless trolley is within the intersection or so

close to the intersection, alley, private road, or driveway as to constitute an immediate hazard." (Emphasis added.)

This section places a mandatory duty upon one who is turning left to yield the right of way to a vehicle approaching from the opposite direction. There is no exception provided for one who observes a left turn signal from an approaching vehicle. Further, this is consistent with the position expressed by Judge Matthias in the case of *Cothey* v. *Jones-Lemley Trucking Co.* (1964), 176 Ohio St. 342 [27 O.O.2d 281]. In *Cothey, supra,* the occupants of an oncoming vehicle were killed in a collision with a tractor-trailer when it was left of center while making a turn into a private driveway. In his decision, Judge Matthias stated that "Section 4511.42, Revised Code, now requires any motorist intending to turn left to yield the right of way to *any* vehicle approaching from the opposite direction." (Emphasis added.) *Id.* at 345.

The plaintiff contends, of course, that the situation is governed by R.C. 4511.39, which requires a driver of a motor vehicle to signal before turning for the benefit of both approaching and following traffic. We understand R.C. 4511.39 to require a signal when turning or stopping, but find nothing in that section which relieves the driver of a vehicle making a left turn from the duty to yield to oncoming traffic as mandated by R.C. 4511.42. Therefore, the appellant's assignment of error is overruled.

The judgment of the Wilmington Municipal Court of Clinton County is affirmed.

*Judgment affirmed.*

KOEHLER and JONES, JJ., concur.