TOWNSEND *v.* DOWNING, APPELLANT; COLBERT ET AL., APPELLEES.

(No. C-880335—Decided June 28, 1989.)

*Gustin & Lawrence Co., L.P.A.,* and *James W. Gustin,* for appellant.

*Rendigs, Fry, Kiely & Dennis* and *Jill E. Thompson,* for appellees.

---

[1] It has been held that consolidation of actions does not merge the suits into a

*Per Curiam.* This appeal came on to be heard upon the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the briefs and arguments of counsel.

In the trial court, Charlotte Colbert and William Colbert instituted an action against Steven M. Downing for damages resulting from an automobile accident between vehicles that had been driven by Charlotte Colbert and Steven Downing. This action is numbered A-8700658 on the docket of the trial court. Thereafter, a second action arising out of the same accident was commenced by Shirley Townsend, the operator of a Queen City Metro bus, for personal injuries sustained when her stationary bus was struck by Downing's vehicle after it had been struck by the vehicle owned by Community Action Agency and operated by Charlotte Colbert. Defendants in the second action, numbered A-8701065 on the docket of the trial court, are Downing, Charlotte Colbert, and Community Action Agency.

Although there was a motion to consolidate the two cases, no entry of consolidation is contained in the record transmitted to this court. We do not find it necessary to address further the matter of consolidation because the order from which this appeal is taken pertains only to the claim of Townsend and the cross-claims of Colbert and Community Action Agency on the one hand and of Downing on the other in case number A-8701065.[1]

The facts are not complex. Down-

single cause or change the rights of the parties, or make those who are parties to one suit parties in another. The cases so consolidated maintain their original identity. *Transcon Bldrs., Inc.* v. *Lorain* (1976), 49 Ohio App. 2d 145, 3 O.O. 3d 196, 359 N.E. 2d 715.

ing ("appellant") was operating his vehicle southbound on Jefferson Avenue and was waiting, with his left-turn signal in operation, to make a left turn onto Corry Street. Townsend ("plaintiff") was the driver of the Queen City Metro bus stopped westbound on Corry Street in compliance with the electric traffic control signal at the intersection of Jefferson Avenue and Corry Street. Charlotte Colbert was driving a vehicle owned by Community Action Agency northward on Jefferson Avenue in a lane from which she could turn right on Corry Street or proceed through the intersection on Jefferson. The appellant contends that Colbert had her right-turn signal in operation indicating her intention to turn right onto Corry Street. Colbert, denying her turn signal was in operation, proceeded into the intersection and struck the right rear of appellant's vehicle as appellant was completing his left turn onto Corry Street. The impact of Colbert's vehicle with appellant's vehicle caused the appellant's vehicle to spin into contact with the plaintiff's stationary bus.

The common pleas court granted the motion for summary judgment filed by the appellees. In the entry, the lower court noted that the motion for summary judgment was directed to the complaint of Townsend and the cross-claim of the co-defendant Downing in "case no. A-8701065, there being no counterclaim filed by defendant Steve Downing in case no. A-8700658." The court further found "as a matter of law, that Charlotte Colbert and The Community Action Agency were not negligent, contributorily negligent nor

a proximate cause of the accident on February 12, 1985." The entry also contained the Civ. R. 54(B) language of finality and this appeal ensued by Steven M. Downing filing a notice of appeal in the case numbered A-8701065 on the docket of the trial court.[2]

The only matters contained in the record transmitted to this court on appeal and which, pursuant to Civ. R. 56(C), could have been considered by the trial court in ruling on the motion for summary judgment . are the pleadings and the deposition of Steven M. Downing taken as on cross-examination. The pleadings reflect a dispute concerning the operation of the right-turn signal on appellees' vehicle. The deposition of appellant contains his sworn statement that Colbert had her right-turn signal in operation. Colbert did not file any controverting material in support of her motion for summary judgment even though appellant, as the party against whom the motion was interposed, was entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C). Nevertheless, the issue of the operation of the right-turn signal on Colbert's vehicle is not a material fact even if there is a genuine issue relative to it.

The operator of a motor vehicle intending to make a left turn within an intersection is required to yield the right of way to any vehicle approaching from the opposite direction when the approaching vehicle is so close to the intersection as to constitute an immediate hazard. R.C. 4511.42. Right of way includes the

---

[2] Shirley Townsend, the plaintiff in the case bearing the number A-8701065, although affected by the grant of summary judgment in favor of Charlotte Colbert and Community Action Agency, did not file a notice of appeal of the summary judgment against her. She is, therefore, not a party to this appeal, and this court has previously stricken her brief.

obligation on the party claiming such right of way to proceed in a lawful manner. R.C. 4511.01(UU). There is no provision in the statutory law making it mandatory for a motorist to complete the maneuver indicated by the electric turn signal on his vehicle or making it an offense to fail to do so. There is, however, a requirement that a signal of intention to turn right or left be given continuously during not less than the last one hundred feet before the turn is made. R.C. 4511.39.

In *Timmins* v. *Russomano* (1968), 14 Ohio St. 2d 124, 43 O.O. 2d 186, 236 N.E. 2d 665, paragraph two of the syllabus, the Supreme Court of Ohio held as follows:

"The driver on a through street, who intends to turn his vehicle to the right into a private driveway a short distance beyond an intersecting stop street, does not lose or forfeit his right of way by activating the right-turn signal lights on his motor vehicle in compliance with the statutory requirement before reaching the intersecting stop street." See, also, *Bowe* v. *Jenkins* (1982), 7 Ohio App. 3d 302, 7 OBR 385, 455 N.E. 2d 707.

By analogy to *Timmins* v. *Russomano*, we hold that a motorist approaching an intersection with a turn signal in operation does not forfeit the right of way to continue his direct course in contravention of the turn signal.

Without more, as a matter of law, the judgment of the trial court should be affirmed. However, our analysis is not concluded. There remains a material factual issue which makes summary judgment inappropriate in this case.

Although Colbert had the right to proceed through the intersection without being impeded by appellant turning left, if Colbert "as [s]he is approaching or entering the intersection, discovers that * * * [appellant] is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of * * * [Colbert] to use ordinary care not to injure the * * * [appellant] after becoming aware of his perilous situation." *Morris* v. *Bloomgren* (1933), 127 Ohio St. 147, 187 N.E. 2, 89 A.L.R. 831, paragraph five of the syllabus. See, also, *Timmins* v. *Russomano, supra.*

We find there existed a genuine issue of material fact relative to Colbert's exercise of ordinary care when she became aware of appellant's perilous situation and, therefore, the lower court erred in granting summary judgment on the cross-claim of appellant.

The judgment of the common pleas court granting summary judgment in favor of appellees on the cross-claim of appellant is reversed and the cause is remanded for further proceedings in accordance wth law.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., KLUSMEIER and UTZ, JJ., concur.