CITY OF WASHINGTON, Appellee,

v.

McCALLISTER, Appellant.

[Cite as *Washington v. McCallister* (1997), 120 Ohio App.3d 524.]

Court of Appeals of Ohio,
Twelfth District, Fayette County.

No. CA96–11–023.

Decided June 23, 1997.

*Mark J. Pitstick*, for appellee.

*Kiger & Kiger* and *James A. Kiger*, for appellant.

POWELL, Judge.

On June 2, 1996, defendant-appellant, Kenneth R. McCallister, was cited for failure to yield in violation of Washington Court House Codified Ordinance 72.019. Appellant entered a not guilty plea and a bench trial was held in Washington Court House Municipal Court on September 20, 1996.

Shakira Trimmer testified that she was involved in a traffic accident in Washington Court House, Ohio, on June 2, 1996. Trimmer testified that she was traveling south on North Street toward the intersection of North Street and Eyman Park Drive, where appellant was stopped at a stop sign waiting to turn onto North Street. Trimmer testified that she briefly activated her turn signal in preparation for a right-hand turn onto Eyman Park Drive, but that she switched off the turn signal before entering the intersection and instead continued driving southbound on North Street into the intersection. Appellant pulled out into Trimmer's lane of travel at that point and struck Trimmer's vehicle.

The trial court convicted appellant of failure to yield. Appellant now appeals setting forth the following assignment of error:

"The trial court erred as a matter of law in overruling appellant's motion for acquittal and subsequently finding appellant guilty of the offense charged."

A trial court's function in ruling on a Crim.R. 29(A) motion for acquittal is to examine all of the evidence admitted at trial and then to determine whether reasonable minds could reach different conclusions as to whether all material elements of the offense were proven beyond a reasonable doubt. *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394, 399–400. Washington Court House Codified Ordinance 72.019 defines the offense of failure to yield as follows:

"Except when directed to proceed by a law enforcement officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if

none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways."

Our review of the record indicates that the city presented substantial, credible evidence that would allow the trial court to conclude that appellant failed to yield to the oncoming car driven by Trimmer in violation of Washington Court House Codified Ordinance 72.019. The fact that Trimmer briefly activated her turn signal before entering the intersection did not in any way relieve appellant of his statutory duty to yield. "[A] motorist approaching an intersection with a turn signal in operation does not forfeit the right of way to continue his direct course in contravention of the turn signal." *Townsend v. Downing* (1989), 58 Ohio App.3d 59, 61, 568 N.E.2d 719, 722. Accordingly, appellant's motion for acquittal was properly overruled and appellant's conviction for failure to yield is not contrary to the manifest weight of the evidence. Appellant's sole assignment of error is overruled, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and WALSH, J., concur.